James Martin DINEEN

v.

STAR PRESS, INC., d/b/a York County Coast Star, Myron W. Levin, and Thomas E. Heslin.

Supreme Judicial Court of Maine.

Oct. 5, 1978.

James H. Dineen (orally), Kittery, for plaintiff.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster by John J. O'Leary, Jr. (orally), Ralph I. Lancaster, Jr., Portland, for defendant.

Before POMEROY, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Plaintiff in a defamation action appeals a Superior Court judgment for defendants entered after the defendants' motion for summary judgment had been granted.

We deny the appeal.

## FACTS

On March 26, 1975, defendant Star Press, Inc., published within its newspaper, the *York County Coast Star,* an article written by defendants Myron W. Levin and Thomas E. Heslin. The article detailed an investigation by the Maine Attorney General's office into alleged ethical improprieties by the appellant, an Assistant District Attorney for Prosecutorial District Number 1. After the appellant had commenced an action for defamation, appellees moved for summary judgment. In support of their motion the appellees presented affidavits from Levin

and Heslin as well as Assistant Attorney General Gordon H. S. Scott.

## SUFFICIENCY OF AFFIDAVITS

Each affidavit offered by the appellees was sworn to be "true to the best of [the affiant's] knowledge and belief." Affidavits in support of a motion for summary judgment that are solely based upon information and belief are insufficient. M.R. Civ.P. 56(e); 2 *Field, McKusick & Wroth, Maine Civil Practice* 2d, § 56.5. Affidavits made according to information and belief may be considered, however, if the affidavit otherwise shows that it was made from personal knowledge. *Steeves v. Irwin,* Me., 233 A.2d 126, 130 (1967); *Field, McKusick & Wroth, supra.* Within each of appellees' affidavits the affiant declared that he had "personal knowledge of each fact stated within the affidavit." Moreover, it is apparent that an Assistant Attorney General has personal knowledge of an investigation for which he was responsible. Obviously, each reporter must also have personal knowledge of his own activities with respect to investigating and seeking confirmation of facts and of his state of mind regarding the truth or falsity of an article he wrote. The Superior Court justice correctly considered, therefore, the affidavits presented by the appellees in support of their motion for summary judgment.

## MATERIAL ISSUE OF FACT

Within his opposing affidavit the appellant did not challenge the truth of the substance of the allegedly defaming article, which was that the Attorney General had initiated an investigation into incidences of possible ethical impropriety. Instead appellant adamantly asserted his innocence of the charges underlying the investigation. The article, however, made no representation regarding the validity of the charges and made repeated use of the word "allegedly." Appellant did not set forth within his affidavit any statements that would refute the showing by appellees, as clearly set forth in their respective affidavits, that

they did not write or publish the article with knowledge of its falsity or with reckless disregard of its truth. Nor did appellant assert therein the existence of any "actual malice" on the part of any of the appellees. *See New York Times Company v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).[1] Since appellees demonstrated that no material issue of fact existed, the Superior Court justice properly granted their motion for summary judgment.

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and WERNICK and DELAHANTY, JJ., did not sit.

---

1. *But compare Michaud v. Inhab. of Town of Livermore Falls,* Me., 381 A.2d 1110 (1978).