Clinton P. CARON

v.

BANGOR PUBLISHING COMPANY.

Supreme Judicial Court of Maine.

Argued Nov. 18, 1983.
Decided Jan. 17, 1984.

Louis J. Shiro (orally), Burton G. Shiro Law Offices, Waterville, for plaintiff.

Eaton, Peabody, Bradford & Veague, P.A., Bernard J. Kubetz (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The plaintiff, Clinton Caron, appeals from a summary judgment of the Superior Court (Kennebec County) for the defendant, Bangor Publishing Company, publisher of the Bangor Daily News. The plaintiff maintains that it was error to conclude that the allegedly defamatory material published by the defendant was a statement of opinion and therefore not actionable. He also argues that the affidavits submitted by the defendant in support of its motion for summary judgment were defective. We deny the appeal and affirm the judgment.

The plaintiff, a veteran Waterville police sergeant, was included in an Associated Press photograph of a Waterville murder scene published in the Bangor Daily News on August 25, 1982. Three days later, the Bangor Daily News published an editorial entitled "Obesity in the Ranks," which provided in pertinent part:

> For years we have yearned to address the topic of overweight policemen—fat cops, if you will. We've resisted this as an issue, though. We did not want to appear either trivial or insensitive. Some people, according to recent research, can not help extreme overweight.

> But cops can. As a rule, police departments do not hire unfit rookies. The girth comes with time. There is after all, a military dimension to law enforcement. A policeman is expected, not only to wear a uniform with pride, but to be able to run at least as fast as a felon, who is invariably nimble of foot and as lean as Bill Rogers.

> In Waterville, as with so many other municipal police departments, there is a city cop, a sergeant no less, who makes Jackie Gleason look diminutive. He appears, in all his rotundity in an Associated Press photo of the Waterville street slaying.

> He may be the most dedicated cop in Maine. He may know his stuff. He is in all probability somebody's loved one. But by any reasonable standard he carries too much mass to be either an effective cop on the beat or a tribute to his uniform. In short, physical conditioning is, or should be, a condition of employment for

those responsible for public safety and law and order.

Thereafter, the plaintiff commenced this defamation action. The defendant moved for summary judgment, and in support of its motion, presented affidavits from V. Paul Reynolds, the author of the editorial, and Richard K. Warren, the publisher of the newspaper.

■ Each affidavit offered by defendant recites that it was based on the affiant's own knowledge, information and belief. In *Dineen v. Star Press, Inc.*, 391 A.2d 834, 835 (Me.1978), we stated that:

> Affidavits in support of a motion for summary judgment that are solely based upon information and belief are insufficient. M.R.Civ.P. 56(e); 2 *Field, McKusick & Wroth, Maine Civil Practice* 2d, § 56.5. Affidavits made according to information and belief may be considered, however, if the affidavit otherwise shows that it was made from personal knowledge. *Steeves v. Irwin*, Me., 233 A.2d 126, 130 (1967); *Field, McKusick & Wroth supra.*

It is apparent that each affiant had personal knowledge of his own activities and thought processes with respect to the editorial in question. The presiding justice, therefore, properly considered the affidavits presented by the defendant in support of its motion for summary judgment. We next consider the merits of the motion.

■ An essential element of libel is that the publication in question must contain a false statement of fact. This requirement has its roots in the United States Constitution. Its rationale is stated in *Gertz v. Robert Welsh, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974):

> Under the First Amendment there is no such thing as a false idea. However, pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas.

*Id.* at 339–40, 94 S.Ct. at 3007. Thus, if the Bangor Daily News editorial is a statement of opinion, it is not actionable.

■ The determination whether an allegedly defamatory statement is a statement of fact or opinion is a question of law. *See Gregory v. McDonnell Douglas Corp.*, 17 Cal.3d 596, 131 Cal.Rptr. 641, 552 P.2d 425 (1976); *Pease v. Telegraph Publishing Co., Inc.*, 121 N.H. 62, 426 A.2d 463 (1981); *Rinaldi v. Holt, Rinehart & Winston, Inc.*, 397 N.Y.S.2d 943, 42 N.Y.2d 369, 366 N.E.2d 1299, *cert. denied*, 434 U.S. 969, 98 S.Ct. 514, 54 L.Ed.2d 456 (1977); *Cole v. Westinghouse Broadcasting Co., Inc.*, 386 Mass. 303, 435 N.E.2d 1021 (1982). If the average reader could reasonably understand the statement as either fact or opinion, the question of which it is will be submitted to the jury. E.g., *Good Government Group v. Superior Court*, 22 Cal.3d 672, 150 Cal.Rptr. 258, 586 P.2d 572 (1978), *cert denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979); *Pease v. Telegraph Publishing Co., Inc.*, supra; *Myers v. Boston Magazine Co., Inc.*, 380 Mass. 336, 403 N.E.2d 376 (1980). If, however, the court concludes that the average reader could not reasonably understand the statement as anything other than opinion, no genuine issue of material fact exists and summary judgment for the defendant in the libel action may be entered. Such is the situation here.

■ A statement, ostensibly in the form of an opinion, gives rise to liability if it implies the allegation of undisclosed defamatory facts as the basis of the opinion. *See Restatement (Second) of Torts* § 566 (1977). On the other hand, a comment, ostensibly in the form of a statement of fact, is an opinion if it is clear from the surrounding circumstances that the maker of the statement did not intend to state an objective fact but intended rather to make a personal observation on the facts. E.g., *National Association of Letter Carriers v. Austin*, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974) (the statement that the plaintiff was a "scab", as pejoratively defined by novelist Jack London, was not libelous, based on all circumstances); *Greenbelt Cooperative Publishing Assoc. v. Bresler*, 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d

6 (1970) (the statement that the plaintiff was engaged in "blackmail" was not libelous based on all the circumstances).

The distinction between statements of fact and statements of opinion is well stated in *Mashburn v. Collins*, 355 So.2d 879, 885 (La.1977):

[T]he crucial difference between statement of fact and opinion depends upon whether ordinary persons hearing or reading the matter complained of would be likely to understand it as an expression of the speaker's or writer's opinion, or as a statement of existing fact.

*See also Goodrich v. Waterbury Republican-American Inc.,* 188 Conn. 107, 448 A.2d 1317 (1982); *Marchiondo v. Brown,* 98 N.M. 394, 649 P.2d 462 (1982); *Nevada Independent Broadcasting Corp. v. Allen,* —— Nev. ——, 664 P.2d 337 (1983). Thus, the question before the motion justice was whether an ordinary reader of the editorial "Obesity in the Ranks" would understand the statement that the plaintiff was not "an effective cop on the beat or a tribute to his uniform" as a statement of objective fact or a subjective opinion based on nondefamatory facts.

■ We conclude that the allegedly libelous statements contained in the editorial cannot reasonably be construed as a statement of objective fact. This is not a case where the defendant stated, without more, that the plaintiff was not "either an effective cop on the beat or a tribute to his uniform." Rather, the editorial clearly discloses the facts upon which the above-quoted passage is based, namely, that the plaintiff is overweight. The editorial expresses the opinion that police officers should be physically fit and that the plaintiff's weight, as depicted in the Associated Press photograph, rendered him physically unfit. Although the plaintiff may be dedicated, knowledgeable, and loved, the author of the editorial opines that "he carries too much mass to be either an effective cop on the beat or a tribute to his uniform." A reader of the entire editorial could not reasonably think that anything other than the plaintiff's weight formed the basis for this opinion. A reader may not accept the view of the Bangor Daily News that an overweight police officer is ineffective or one who cannot be a tribute to his uniform, but he at least understands the basis for the opinion. He is free to agree or disagree.

Because the editorial is an expression of opinion based on disclosed nondefamatory facts, and cannot reasonably be construed to imply undisclosed defamatory facts, the Superior Court properly granted the defendant's motion for summary judgment.

The entry is:

Judgment affirmed.

All concurring.