## Jan LIGHTFOOT

v.

## Zachary MATTHEWS.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 30, 1991.

Decided March 5, 1991.

Jan Lightfoot, Hinckley, pro se.

Thomas D. Warren, Asst. Atty. Gen., Augusta, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Jan Lightfoot appeals the entry of summary judgment in favor of Zachary Matthews in the Superior Court (Kennebec County, *Chandler, J.*) in her action for defamation. Finding nothing defamatory in Matthews' alleged statements, we affirm.

■ Lightfoot was a founder and director of Hospitality House, a shelter for the homeless in Hinckley. She alleged that Matthews, a Maine State Senator, wrote a letter to the Planning Board of the Town of Fairfield expressing "grave concerns" over the pending application of Hospitality House for a special exception to the zoning ordinance to open a homeless shelter in Fairfield.[1] At most, the letter asserted that Matthews had negative opinions about Hospitality House that the Board might wish to consider. The letter contains no statement of fact, an essential element in an action for defamation. *See Caron v. Bangor Publishing Co.*, 470 A.2d 782, 784 (Me.1984); *Restatement (Second) of Torts* § 566, comment c (1977). Moreover, when read in context, the letter does not convey a defamatory message. *See Bakal v. Weare*, 583 A.2d 1028, 1029–30 (Me.1990).

■ Lightfoot further alleged that Matthews gave an interview to a local newspaper in which he described the Hospitality House Board as "lackluster." This description cannot reasonably be construed as a statement of objective fact. *See Caron*, 470 A.2d at 785. Because the description is a statement of opinion that is not actionable the court properly granted summary judgment to Matthews. *See id.*

1. The relevant part of Matthews' letter to the Planning Board stated:

I have some grave concerns, not with the need for shelter for the homeless or the need for affordable housing, but for standards for those wishing to provide these services to those in need. The past experience of Hospitality House at Hinckley raises some grave concerns for all of you to consider as you have in the past. I would be glad to discuss this matter with your board at your request.

The entry is:
Judgment affirmed.

All concurring.