John L. **FORTIER**

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 2327.**

Supreme Judicial Court of Maine.

Argued March 4, 1992.

Decided March 26, 1992.

Albert P.C. Lefebvre (orally), Biddeford, for plaintiff.

Harold L. Lichten (orally), Ruth A. Bourquin, Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, Boston, Mass., for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

John L. Fortier appeals a summary judgment entered in the Superior Court (York

County, *Brennan, J.*) in favor of International Brotherhood of Electrical Workers, Local 2327, on Fortier's complaint alleging defamation. On appeal Fortier argues that the court erred in concluding that the statements could not reasonably be interpreted as defamatory. We affirm the judgment.

The court entered summary judgment based on both a submitted stipulation of facts and on the facts set out in Fortier's complaint, revealing the following: Fortier is an employee of New England Telephone. Local 2327 is the recognized bargaining unit for NET employees. On August 5, 1989, Local 2327 went on strike against NET. Fortier was a member of Local 2327 until August 9, 1989, at which time he resigned and went back to work. By stipulation, Fortier concedes that returning to work amounted to crossing a picket line while the strike was still in progress. In November 1989 Fortier ran for a seat on the Biddeford city council.

On election day Local 2327 distributed flyers that stated that Fortier "has no morals. He has betrayed his fellow workers by crossing the picket line. Since he has no morals how could he be trusted to be a leader in your community." Fortier's claim of defamation is based on those flyers.

■ On the procedural record before us, we can affirm the summary judgment only if the wording of the flyers in light of the circumstances is incapable of a defamatory interpretation. We have previously held that whether "the statement complained of is capable of conveying a defamatory message at all is a question of law." *Bakal v. Weare,* 583 A.2d 1028, 1030 (Me. 1990). To be actionable the statement must contain a false statement of fact rather than an opinion, or contain the implication that the opinion is based on undisclosed defamatory facts. *See True v. Ladner,* 513 A.2d 257, 261–62 (Me.1986). A statement is not actionable if it is clear the maker did not intend to state an objective fact but rather to present an interpretation of the facts. *See Caron v. Bangor Publishing Co.,* 470 A.2d 782, 784 (Me.1984). This analysis is consistent with that in *Mil-kovitch v. Lorain Journal Co.,* 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990).

■ In the case at bar, the trial court correctly concluded as a matter of law that the statements were not defamatory. Based on the only reasonable interpretation, the flyer accuses Fortier of having no morals because he crossed the picket line and characterizes that conduct as a betrayal of Fortier's fellow workers. The reader is free to evaluate that characterization on the basis of disclosed facts that are admittedly correct. *See Caron,* 470 A.2d at 785. We reject Fortier's argument that because the flyer fails to reveal the fact that he withdrew from union membership before crossing the picket line, it is false and defamatory. Nothing in the flyer suggests Fortier's former union membership or that he is anything more than a fellow worker, a fact that is true.

Moreover, we find it unnecessary to analyze the various federal cases cited by the parties on the issue of freedom of expression in the context of labor disputes or public elections. *E.g., Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin,* 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974); *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Because we conclude that the speech is not actionable, we need not explore what protection may be afforded by the first amendment.

The entry is:

Judgment affirmed.

All concurring.