Richard STAPLES

v.

BANGOR HYDRO–ELECTRIC CO.

Supreme Judicial Court of Maine.

Argued Nov. 6, 1992.

Decided Aug. 3, 1993.

Joseph T. Walsh, Jr. (orally), Bangor, for plaintiff.

Bruce C. Mallonee (orally), Rudman & Winchell, Bangor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Bangor Hydro–Electric Company appeals from a judgment entered in the Superior Court (Penobscot County, *Beaulieu, J.*) in favor of Richard Staples, an employee who claimed he had been slandered by his supervisor within the workplace. We reject Bangor Hydro's contentions that the statements at issue were not defamatory, that the statements were not communicated to a third party, and that Staples failed to present sufficient evidence to offset the privileged nature of the communications. We agree, however, with Bangor Hydro's challenge to the sufficiency of the evidence to support an award of punitive damages. Accordingly, we modify the judgment of the Superior Court.

## I.

In early 1986 Staples was employed as the microcomputer specialist for the company's demand management department. Avery Caldwell, the director of the department, instructed Staples to prepare a report on a proper replacement for the energy conservation management computer software package that the company had been using to conduct commercial energy audits. Sometime in February 1986 Staples expressed to the vice-president and general counsel his dissatisfaction with the way Caldwell managed the department. After being advised to reduce his concerns to writing, Staples circulated to several employees an unsigned memo concerning the operation of the department.

In March Staples presented a preliminary report on the software evaluation at a weekly department meeting. Caldwell interrupted the presentation to comment on the inadequacy of the report. After the meeting Staples had a heated discussion with Caldwell in his office, at which time the memo about Caldwell's performance was discussed. Staples admitted authorship of the memo. Staples claimed that

from that point on, his relationship with Caldwell quickly deteriorated.

In April Caldwell notified Staples that he was demoted to residential auditor and was no longer responsible for the computer operations. In May Caldwell became convinced that computer files had been erased and that Staples was responsible for the erasure. Thereafter, Caldwell told James Cameron, then director of personnel, that he suspected there was sabotage done to the computer and that he had reason to believe that Staples sabotaged the computer. Caldwell discussed his concern with people in the department that might know what happened to the computer, or that were dependent on the software. Caldwell listed seven people with whom he discussed the sabotage, ranging from computer operators to the administrative staff to the vice-president. Staples's employment was subsequently terminated.

Staples commenced an action for wrongful termination of employment, deprivation of constitutional due process, defamation, and intentional infliction of emotional distress, seeking compensatory and punitive damages. On Bangor Hydro's motion, a summary judgment in its favor was entered in the Superior Court (*Chandler, J.*). On appeal, we vacated the summary judgment on the defamation count and on the count for punitive damages, insofar as it related to defamation. *Staples v. Bangor Hydro–Elec. Co.*, 561 A.2d 499 (Me.1989).

Following a jury trial in July of 1991, the court denied Bangor Hydro's motion for a directed verdict. Judgment was entered on the jury's verdict for compensatory and punitive damages, and the court subsequently denied Bangor Hydro's motion for a judgment notwithstanding the verdict or for a new trial. Bangor Hydro filed a timely notice of appeal and Staples filed a timely cross-appeal.

## II.

■■■ Bangor Hydro initially argues that the record contains insufficient evidence of a defamatory statement. The thrust of the company's contention is that Caldwell merely expressed his opinions or suspicions and not an express or implied statement of fact concerning Staples. We disagree. An expression of opinion may be actionable "if it implies the existence of undisclosed defamatory facts." *Lester v. Powers*, 596 A.2d 65, 71 (Me.1991). Moreover, "[i]f the statement could reasonably be understood by the ordinary person as implying undisclosed defamatory facts, the question of whether it is a statement of fact or an opinion will be submitted to the jury." *True v. Ladner*, 513 A.2d 257, 262 (Me.1986); *see Restatement (Second) of Torts* § 566 comment c (1977). We conclude that the jury could rationally find that Caldwell's statement that he had reason to believe Staples had sabotaged the computers implied the existence of undisclosed defamatory facts. *See Lester*, 596 A.2d at 69.

## III.

■■ Bangor Hydro also contends that statements among its own employees cannot be considered a publication to a third party for purposes of this defamation action. Again we disagree. We have held that "[a]lthough [a] communication to [fellow employees] may have been protected by a qualified privilege, it was nevertheless a publication of the information." *Heselton v. Wilder*, 496 A.2d 1063, 1067 (Me. 1985). Bangor Hydro argues, nevertheless, that *Heselton* is distinguishable because there the issue arose in an action against the fellow employee individually.

We recognize that a substantial number of jurisdictions follow the reasoning of the Supreme Court of Washington that a corporation acting through one of its agents to send a defamatory communication to another of its agents is simply communicating with itself. *Prins v. Holland North America Mortgage Co.*, 107 Wash. 206, 181 P. 680 (1919). We think the better reasoning, however, is represented by opinions such as *Luttrell v. United Tel. System, Inc.*, 9 Kan.App.2d 620, 683 P.2d 1292 (1984); *Pirre v. Printing Devs., Inc.*, 468 F.Supp. 1028 (S.D.N.Y.1979); *Bander v. Metropolitan Life Ins. Co.*, 313 Mass. 337,

47 N.E.2d 595 (1943). Those jurisdictions have concluded that there is no good reason to protect a corporation as opposed to a partnership or individual enterprise; that damage to one's reputation within the corporate community may be as devastating as that outside; and that the defense of qualified privilege provides adequate protection. In fact, Prosser and Keeton maintain that the determination that intracorporate communications cannot constitute publication "is, apparently, attributable to a confusion between publication and privilege." *Prosser and Keeton on the Law of Torts* § 113, 798 n. 15 (5th ed. 1984). Moreover, in *Heselton* we cited the view of the American Law Institute that:

> The communication within the scope of his employment by one agent to another agent of the same principal is a publication not only by the first agent but also by the principal and this is true whether the principal is an individual, a partnership or a corporation.

*Restatement (Second) of Torts* § 577 comment i (1977). To hold otherwise would be to ignore the nature of the right protected by the law of defamation. *Luttrell,* 683 P.2d at 1294.

### IV.

Finally, Bangor Hydro argues that Caldwell's statements were made under conditions giving rise to a qualified privilege, and that Staples failed to meet his burden of proving an abuse of that privilege. We have previously stated that "[a] conditional privilege against liability for defamation arises in settings where society has an interest in promoting free, but not absolutely unfettered, speech." *Lester,* 596 A.2d at 69. The American Law Institute states that:

> An occasion makes a publication conditionally privileged if the circumstances lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that there is information that another sharing the common interest is entitled to know.

*Restatement (Second) of Torts* § 596 (1977).

Staples maintains that the jury's verdict is supported by evidence of both actual malice and ill will. We have previously commented on the illogic of the term "actual malice." *Lester,* 596 A.2d at 69 n. 7. Staples is correct, nevertheless, that the conditional privilege is lost if the jury finds either 1) that Caldwell knew his statement to be false or recklessly disregarded its truth or falsity, i.e., entertained a high degree of awareness of probable falsity or serious doubt as to the truth of the statement, or 2) that Caldwell acted entirely out of ill will toward Staples. *See id.; Restatement (Second) of Torts* §§ 600, 603 (1977). The court properly instructed the jury on the plaintiff's burden of proof as to each aspect of abuse of the privilege. Given the jury's prerogative of accepting or rejecting the testimony of any witness, we cannot hold that its finding of abuse is clearly erroneous.

### V.

We stated in *Lester* that "[w]e do not require clear and convincing evidence ... to overcome a conditional privilege that arises at common law and not from the First Amendment." *Lester,* 596 A.2d at 70. To support a claim for punitive damages, however, we do require proof of ill will toward the plaintiff or outrageous conduct by the defendant by the clear and convincing standard. *Tuttle v. Raymond,* 494 A.2d 1353, 1363 (Me.1985). In other words, Staples had the burden of proving the *high probability* that Caldwell was motivated by ill will toward Staples or that Caldwell's conduct was so *outrageous* that malice can be implied. *Id.* at 1361. In the record before us there is no basis for a finding of deliberate, outrageous conduct—reckless disregard of the truth or falsity of his statement being insufficient to support an award of punitive damages. *Id.* Moreover, although Staples met his burden of proving ill will by the preponderance standard, we conclude that the evidence was insufficient to meet the higher clear and

convincing standard. Accordingly, we do not affirm the award of punitive damages.

The entry is:

Judgment modified to eliminate the award of punitive damages and, as so modified, affirmed.

No costs to either party.

WATHEN, C.J., and GLASSMAN and CLIFFORD, JJ., concurring.

COLLINS, Justice, dissenting.

Because I believe that Caldwell's statements were made under conditions giving rise to a conditional privilege and that Staples failed to meet his burden of proving an abuse of that privilege, I would vacate the judgment of the Superior Court. *See Lester v. Powers*, 596 A.2d 65 (Me.1991).

A conditional privilege against liability for defamation arises in settings where society has an interest in promoting free, but not absolutely unfettered speech. *See id.* at 69. It is for the court to determine whether the occasion on which the defendant published defamatory matter gives rise to a conditional privilege. *Saunders v. VanPelt*, 497 A.2d 1121, 1125 (Me.1985). In this particular case, the trial court found that the occasion gave rise to a conditional privilege.

Once a conditional privilege is determined to exist, liability for defamation attaches only if the person who made the defamatory statements loses the privilege through abusing it. *See Lester* at 69 (citing *Restatement (Second) of Torts* § 599 (1977) ("*Restatement*").) Such an abuse occurs when the person either knows the statement to be false, recklessly disregards its truth or falsity, or makes the statement *solely* out of ill-will. *See id.* at 69–70. The plaintiff bears the burden of proving the loss of the conditional privilege through its abuse. *See Saunders*, 497 A.2d at 1125.

Based on the evidence presented at trial, the jury could not have rationally found that Caldwell: (1) knew his statement to be false; (2) recklessly disregarded its truth or falsity, or (3) acted *entirely* out of ill will toward Staples. *See Lester*, 596 A.2d

at 69–70; *Restatement* §§ 600, 603. Moreover, the record compels the conclusion that Caldwell acted at the direction of his supervisor and in his capacity as Staples' supervisor. In other words, even if the jury found that Caldwell was motivated in part by ill-will, that would be insufficient as a matter of law to constitute an abuse of the conditional privilege. In short, Staples failed to meet his burden of proving that the defendant abused, and thus lost, the protection of the conditional privilege. The jury's finding to the contrary was clearly erroneous.

I would vacate the judgment of the Superior Court.