STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-223
KMC - PEN -11/20/2007

KELLY COOKSON,

Plaintiff

v.

BREWER SCHOOL DEPARTMENT and
DAVID LEE,

Defendants



FILED & ENTERED
SUPERIOR COURT

NOV 20 2007

PENOBSCOT COUNTY

DONALD L. GARBRECHT
LAW LIBRARY

FEB 06 2008

)
)
)
)
)
)
)
)
)
)

DECISION and ORDER

Pending before the Court is Defendants' Motion for Summary Judgment.

## BACKGROUND

As this Court reads it, M.R. Civ. P. 56 contemplates a summary proceeding. That

is, the Defendant concisely shows the undisputed facts and applies the law to them, and

the Plaintiff responds by showing both the 'disputed' facts and, as importantly, the facts

which if put in evidence, would support recovery for the Plaintiff. *Curtis v. Porter*, 2001

ME 158, 784 A.2d 18.[1]

Plaintiff, Kelly Cookson, brought a two-count complaint. In Count 1, she alleges

that Defendant, Dr. Daniel Lee, Superintendent of Schools for the Brewer School

Department, did not re-hire her as a softball coach because of her gender/sexual

---

[1] M.R. Civ. P. 56(h)(1) and (2) require a "separate, short and concise statement of material facts by both sides." Material facts are those that have the potential to affect the outcome of the suit. *Bay View Bank, N.A. v. Highland Golf Mortgagees Realty Trust*, 2002 ME 178, ¶ 9, 814 A.2d 449, 452. The Law Court has noted that when, as here, the parties submit unnecessarily long, repetitive or otherwise convoluted statements of material facts that fail to address the purpose of the rule, the court has the right to disregard the statement of facts or deny the Motion solely on that ground. *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶¶ 27-29, 864 A.2d 169, 179. The parties should take note.

1

orientation; therefore, discriminating against her. Ms. Cookson further alleges that the Brewer School Department elected to replace her with a less qualified, heterosexual coach. Defendants deny these allegations and respond that the failure to re-hire was based on non-discriminatory reasons.

Count 2 of the Complaint alleges slander *per se* based on a statement allegedly made by Dr. Lee. The Plaintiff alleges that Dr. Lee stated to parents, Bill and Sharon Risser, as well as a number of other unknown individuals, that "he knew things about Kelly that [he could not] share publicly." (Pl.'s Complaint ¶ 33.) This statement, the Plaintiff argues, harmed her professional career because it implies that Plaintiff committed improper acts. Such a statement therefore, constitutes slander *per se*. (*Id.* ¶ 39-40.) Defendants deny that Dr. Lee made the statement to the Risser's or to others as alleged by the Plaintiff. They claim that Dr. Lee told only the Rissers that there was "personnel information about Kelly Cookson that he could not, by law, divulge to them." (Defendants' Statement of Material Facts "DSMF" ¶ 80.)

## DECISION

### A. COUNT 1: Human Rights Violation Claim

Plaintiff alleges that in violation of 5 M.R.S.A. § 4571 and 4572 of the Maine Human Rights Act, the Defendants discriminated against her because of her sex and/or sexual orientation. There is no question that the Plaintiff was not hired/re-hired as the girls' softball coach for Brewer High School and suffered an adverse employment action. Plaintiff has not presented direct evidence of discriminatory animus to support her claims of violation of the Maine Human Rights Act. Instead, Plaintiff relies on circumstantial evidence of discrimination which requires the Court to follow the evidentiary analysis

2

found in *McDonnell Douglas Corp. v Green*, 411 U.S. 792, 802-805 (1973) and applied in Maine courts in *Maine Human Rights Commission v. City of Auburn*, 408 A.2d 1253, 1261-62 (Me. 1979) and more recently in *Doyle v. Department of Human Services*, 2003 ME 61, 824 A.2d 48.

This analysis requires that the Plaintiff establish a prima facie case of unlawful discrimination. The Plaintiff has the burden of establishing that she has a disability or is a member of a protected class. Next, she must establish that she is otherwise qualified and able to perform the essential functions of the job. Finally, she must show that her adverse treatment by her employer was based on her protected status. *Doyle*, 2003 ME 61, ¶ 14, 824 A.2d at 54. By carrying this burden the Plaintiff establishes a presumption of discrimination. Although the burden of persuasion stays with the Plaintiff, the burden of production "shifts to the Defendant to articulate a legitimate non-discriminatory reason for the adverse employment action." *Id.* ¶ 15, 824 A.2d at 54. After which, the burden of articulation shifts back to the Plaintiff to demonstrate that the alleged non-discriminatory reason is only a pretext and that it was the discriminatory reason that brought about the adverse employment action. *Id.*

It is not disputed that the Plaintiff is a member of a protected class either by gender or sexual orientation and that she was the subject of adverse employment action in not being hired/re-hired. The issue is "why" was she not hired?

Plaintiff puts forth facts supporting her contention that she was qualified for the job of softball coach in terms of her experience and record. Defendants argue that Plaintiff was not qualified for the job of softball coach because during her time as coach the team had a history of hazing. Defendants argue that Plaintiff engaged in or permitted

team members to engage in hazing practices. (DSMF ¶¶ 4, 8, 10, 17, 22, 23, 31, 33, 35, 38, 42, 45, 46, 83 & 84.) Plaintiff alleges, and it is uncontested, that she was an excellent and successful girls' softball coach at Brewer High School prior to her not being recommended for re-hire. (Pl.'s Additional Statement of Material Facts ¶¶ 86-89.) Plaintiff, however, does not dispute the essence of the hazing facts. (Pl.'s Response to DSMF ¶¶ 4, 8, 10, 17, 22, 23, 31, 33, 35, 38, 42, 45, 46, 83 & 84.)

In their Statement of Material Facts, the Defendants state as fact:

1) In 2004, after a team cookout, Cookson took the team to a local farm. (DSMF ¶ 4.)

2) Team members had another team member take off her shoes and stand in sheep poop. (DSMF ¶ 8.)

3) In 2005, a team member parent made a complaint about hazing to then Superintendent Webb. (DSMF ¶ 33.)

4) After completing an investigation, Webb wrote a memo dated 5/21/05 to Plaintiff identifying what Webb understood to be a single incident, which was inappropriate and never to happen again. (DSMF ¶¶ 35 & 38; Defs.' Ex. 5.)

5) In 2005, the team again went to the local farm and team members again walked through sheep poop. (DSMF ¶ 10 & 17.)

6) In 2005, new players were assigned to older payers as servants/slaves to carry bags and Plaintiff acknowledged this as hazing. (DSMF ¶¶ 22, 23 & 31.)

7) A tort claims notice was filed with Superintendent Lee on 10/20/05 regarding Cookson's practices and approved activities (DSMF ¶ 42; Defs.' Ex. 3.)

4

8) Lee undertook his own investigated and met with Cookson. (DSMF ¶¶ 44 & 46.) He made the final decision not to nominate Plaintiff as varsity softball coach on 1/17/06. (DSMF ¶ 84.) Lee did not become aware of Cookson's sexual orientation until after his decision. (DSMF ¶ 83.) Lee's decision not to nominate Plaintiff was based on Plaintiff's violation of hazing policies and her inability to recognize the inappropriateness of her actions. (DSMF ¶ 81 & 85.) Plaintiff's responses to DSMF are as follows:

1) Admits that the team went to the farm. (Plaintiff's Opposition to DSMF "PODSMF" ¶ 4)

2) Admits that standing in sheep poop happened. (PODSMF ¶ 8.)

3) Admits that a parent wrote a letter but objects to its contents (PODSMF ¶ 33.)

4) Admits that Webb did investigation and admits what Webb's letter said. (PODSMF ¶ 35 & 38.)

5) Admits the team went back to farm a second time. (PODSMF ¶ 17.)

6) Admits the existences of the servant program with younger players carrying bags, but qualifies this admission with additional non-material facts. (PODSMF ¶¶ 21, 22 & 31.)

7) Admits that a tort claim notice was served on the school, but qualifies this admission non-material facts (PODSMF ¶ 42.)

8) Denies that Cookson's sexual orientation did not play a role in Lee's decision not to nominate Cookson as varsity Softball coach and denies that Lee did not know about her sexual orientation. (PODSMF ¶¶ 83 & 84.)[2]

---

[2] This last point represents a distraction from the issue. The issue is whether Plaintiff has demonstrated by direct or circumstantial evidence that Superintendent Lee failed to hire her because she was female or

The heart of this case has nothing to do with whether the Plaintiff was a successful coach in terms of her win/loss record or whether she was an 'excellent' coach on the field. This case turns on the demonstrated evidence of Plaintiff's poor judgment in permitting certain conduct between team members; conduct which was and is inconsistent with the policies of the Brewer School Department and the judgment of the Superintendent. The Plaintiff has carried her burden of demonstrating that she is a protected person who was not rehired and, accordingly, experienced an adverse job action. The Defendants dispute that Plaintiff has met her burden of showing that she was "qualified" to do the job. Qualification in the context of this case has nothing to do with a win/loss record. Rather qualification addresses whether the Plaintiff, as coach, ran a program that is consistent with the directives of the Brewer School Department and the judgment of its Superintendent.

For the sake of discussion, the Court will accept that in her response to Defendants' Motion for Summary Judgment, Plaintiff has demonstrated the elements of a prima facie case of unlawful discrimination under the Maine Human Rights Act, or at least raised disputed questions of fact. The Defendants, however, have articulated and demonstrated a non-discriminatory reason, the practice of hazing, for not hiring/re-hiring the Plaintiff as the Brewer girls' softball coach. The pattern of engaging in or supporting the hazing of the players, and in particular younger players, was clearly inconsistent with the articulated principles of the Brewer School Department as interpreted and applied by the Superintendent. Because the Defendants' have demonstrated a legitimate non-

because of her sexual orientation, not whether Plaintiff has demonstrated that Lee knew of her sexual orientation. Even if he knew, there still must be evidence of causation between that knowledge and the rehire decision.

discriminatory reason for not rehiring Ms. Cookson, the burden shift backs to Ms. Cookson to demonstrate that the Defendants' actions were under the guise of a pretext. When viewing the evidence in the Plaintiff's favor, Ms. Cookson has not carried her burden by demonstrating that the Defendants' articulated reason for not hiring/re-hiring her was a pretext. As a matter of law, Plaintiff has not provided direct or circumstantial evidence to carry her burden. She has not satisfied the evidentiary requirements of *McDonnell* and *Doyle*.

Summary judgment for the Defendant on Count 1 is GRANTED.

## B.    COUNT 2: Slander *Per Se*

In Maine, the elements of defamation include: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Lester v. Powers*, 596 A.2d 65, 69 (Me. 1991). A defamatory statement is one that "harm[s] the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Restatement (Second) of Torts § 559 (1977). "If slanderous words . . . directly tend to the prejudice or injury of one in his profession, trade or business they are actionable [as slander *per se*]." *Pattangall v. Mooers*, 113 Me. 412, 415, 94 A. 561 (1915); *see also* Restatement (Second) of Torts § 570(c) (1977).

### *1.    Expressions of Opinion that Imply Defamatory Facts*

Generally, statements that are expressions of opinion are not actionable. *True v. Lander*, 513 A.2d 257, 262 (Me. 1986). An expression of opinion, however, can be

7

defamatory if it implies the allegation of undisclosed defamatory facts as the basis of the opinion. *Id.*; *see also* Restatement (Second) of Torts § 566; *Staples v. Bangor Hydro-Elec. Co.*, 629 A.2d 601, 603 (Me. 1993) stating "An expression of opinion may be actionable if it implies the existence of undisclosed defamatory facts." (citation omitted). In *True v. Lander*, True, a teacher, sued the Superintendent of School Union 30 for slander based on statements the Superintendent made to True's prospective employer.[3] In finding for True, the court reasoned that his prospective employer could have interpreted the Superintendent's remarks as implying that True had received unfavorable evaluations, that True was uninvolved in school extracurricular activities, that he failed to assist students outside the classroom, or that the students were not performing well in True's class. As such, the court construed these statements to be opinions that implied undisclosed defamatory facts. *True*, 513 A.2d at 262.

While the statements made by the Superintendent in *True* may imply or suggest underlying defamatory facts, this court finds that *True* is inapplicable here. The alleged statement made by Dr. Lee was a factual statements, not a statement of opinion. Even if the statement is viewed as an opinion, the words used by Dr. Lee do not address Ms. Cookson's ability or performance as a coach. Dr. Lee did not say that Ms. Cookson was not a good coach, or did not go the extra mile, or did not turn student-athletes on, as in *True*. Dr. Lee only stated that he could not talk about Ms. Cookson's file. Such statement is not an opinion and cannot be construed as an opinion implying undisclosed defamatory facts.

2.      *Statements of Fact*

---

[3] The Superintendent stated that "1). True was a good mathematician, but not a good mathematics teacher; 2). True was 'more concerned with living up to the terms of his contract rather than going the extra mile'; and 3). [the Superintendent] 'did not feel [True] turned students on.'" *True*, 513 A.2d at 260.

The court is responsible for determining whether a statement is an opinion or a fact.[4] If a statement is viewed as a fact, a defendant can assert the truth of such statement as a defense. *Picard v. Brennan*, 307 A.2d 833, 834-35 (Me. 1973) (stating "proof of truth of the statements alleged to be slanderous is always a defense"); *see also* Restatement (Second) of Torts § 581A. A fact is something that can be "objectively verified." (Webster's II new Riverside Dictionary (1984), Definition no. 2.) The alleged statement by Dr. Lee is one that can be actually proven and as such, is a factual statement. As the Superintendent of Schools for the Brewer School Department, Dr. Lee was privy to information contained in Ms. Cookson's file. Additionally, pursuant to 20-A M.R.S.A. § 6101(2)(B), Dr. Lee was prohibited from sharing such information, whether positive or negative, with the public.

The alleged statement is also a true factual statement. The Defendants use 20-A M.R.S.A. § 6101 in support of its defense. Under this statute, certain types of information relating to an employee must be kept confidential,[5] including evaluations of employee performance, as well as complaints and charges of misconduct, both of which were included in Ms. Cookson's file. Dr. Lee could have been referencing those items, or he could have been referencing any number of "things" including Ms. Cookson's

---

[4] *See Carson v. Bangor Publishing Co.*, 470 A.2d 782, 784 (Me. 1984) stating, "the determination whether an allegedly defamatory statement is a statement of fact or opinion is a question of law."

[5] The statute specifically list the following: 1) All information, working papers and examinations used in the examination or evaluation of all applicants for employment; 2) Medical information of any kind, including information pertaining to diagnosis or treatment of mental or emotional disorders; 3) Performance evaluations, personal references and other reports and evaluations reflecting on the quality or adequacy of the employee's work or general character compiled and maintained for employment purposes; 4) Credit information; 5) Except as provided by subsection 1, the personal history, general character or conduct of the employee or any member of the employee's immediate family; 6) Complaints, charges of misconduct, replies to complaints and charges of misconduct and memoranda and other materials pertaining to disciplinary action; 7) Social security number; 8) The teacher action plan and support system documents and reports maintained for certification purposes; and 9) Criminal history record information obtained pursuant to section 6103.

social security number, credit information, or medical conditions, when he made the alleged statement. Regardless of which "things" Dr. Lee was referencing, it is a fact that he knew personal information about Ms. Cookson, and it is a fact, that he was prohibited, by law, from sharing such information with the public.

Additionally, the alleged factual statement made by Dr. Lee was not tainted with any opinion that Dr. Lee may have had about Ms. Cookson. The statement was not that he knew "unfavorable", "undesirable," or "negative" things about Ms. Cookson. The words allegedly used by Dr. Lee were factually true, and not prefaced or qualified by any defamatory language that could harmed Ms. Cookson's reputation. Dr. Lee simply stating that he was unable to share information with the public does not mean that Ms. Cookson committed improper acts, and it cannot be implied from such a statement that it was Dr. Lee's opinion that Ms. Cookson committed improper acts.

The statement made by Dr. Lee, if made, either as represented by the Plaintiff or the Defendants, was a true statement, and if made, was not a defamatory statement. The Plaintiff has failed to show that the alleged statement directly prejudiced or injured her professionally. Accordingly, the Plaintiff has failed to establish the required elements of slander *per se*. Summary judgment for the Defendant on Count 2 is GRANTED.

## CONCLUSION

The entry will be Summary judgment for the Defendant on Counts 1 and 2 is GRANTED. At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a).

Dated: November 19, 2007

Kevin M. Cuddy, Justice
Maine Superior Court

10

KELLY JO COOKSON VS BREWER SCHOOL DEPARTMENT ET AL
UTN:AOCSsr  -2006-0117042                    CASE #:BANSC-CV-2006-00223
------------------------------------------------------------------------
SEL VD                                REPRESENTATION TYPE      DATE
01 0000002551 ATTORNEY:GREIF, ARTHUR
ADDR:                                    - - -
     F FOR:KELLY JO COOKSON               PL          RTND   10/13/2006


02 0000003587 ATTORNEY:HEWEY, MELISSA
ADDR:
     F FOR:BREWER SCHOOL DEPARTMENT        DEF         RTND   10/25/2006
     F FOR:DANIEL LEE, SUP                 DEF         RTND   10/25/2006


03 0000010031 ATTORNEY:WAN, ANDREA V.W.
ADDR:                                    - - -
     F FOR:KELLY JO COOKSON               PL          RTND   02/27/2007