STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. RE-13-266
                                                  TDW-Cum 8/14/2013


BANK OF AMERICA N.A.,

        Plaintiff

v.                                                ORDER


DUNCAN MacDOUGALL, et al,

        Defendants


        Plaintiff Bank of America has filed a motion to dismiss defendant Duncan

MacDougall's counterclaim.

        For purposes of a motion to dismiss, the material allegations of a counterclaim

must be taken as admitted.  The counterclaim must be read in the light most favorable

to the defendant to determine if it sets forth elements of a cause of action or alleges facts

that would entitle defendant to relief pursuant to some legal theory.  A claim shall only

be dismissed when it appears beyond doubt that the claimant is not entitled to relief

under any set of facts that he might prove in support of his claim.  See In re Wage

Payment Litigation, 2000 ME 162 ¶ 3, 759 A.2d 217.


        1. MacDougall's breach of contract claim (counterclaim count I) is not subject to

dismissal on the face of the pleadings. The counterclaim can fairly be read to allege that

the Bank agreed to allow the apartment building to be rebuilt with the use of the

insurance funds and subsequently breached that agreement. See, e.g., Counterclaim ¶¶

19, 22. MacDougall is not alleging that the Bank has breached the mortgage contract

(which MacDougall acknowledges was previously breached by his non-payment) but rather that the Bank breached a separate agreement of the parties with respect to the use of insurance proceeds to rebuild the property.

2. If it is a financial institution authorized to do business in Maine, the Bank is exempt from the provisions of Maine's Unfair Trade Practices Act pursuant to 9-B M.R.S. § 244. As far as the court can tell, MacDougall agrees that the Bank is a financial institution authorized to do business in Maine. See Defendant's Opposition to Plaintiff's Motion to Dismiss dated June 24, 2013 at 3. While MacDougall apparently suggests that more must be shown to demonstrate that the Bank is subject to the exemption in § 244, see id., the court disagrees. The motion to dismiss is granted as to count II of the counterclaim.

3. While the Bank argues that MacDougall's averments of fraud (counterclaim count III) have not been stated with sufficient particularity, the court concludes that the Bank has been fairly apprised of the elements of MacDougall's fraud claim – that the Bank made representations with respect to the use of insurance proceeds that were . fraudulent or that were made with reckless disregard of the truth and that MacDougall reasonably relied on those representations to his financial detriment. Under M.R.Civ.P. 9(b) the test is not whether a claim, sets out a textbook definition of fraud but whether the party against whom the claim is made is "fairly apprised of the elements of the claim." 2 C. Harvey, Maine Civil Practice § 9:2 at 384 (3d ed. 2011). The Bank can obtain additional details as to the alleged false representations through discovery.

2

4. MacDougall's claim for negligent infliction of emotional distress (counterclaim count IV) fails to state a claim. In order to recover on a free-standing claim for negligent infliction of emotional distress, a claimant must demonstrate that a special relationship existed between the parties that created a duty to avoid the negligent infliction of emotional harm. Curtis v. Porter, 2001 ME 158 ¶¶ 18-19, 784 A.2d 18. The only relationship between MacDougall and the Bank that can be discerned from the pleadings is a relationship between borrower and lender. There is no authority for the proposition that a borrower-lender relationship constitutes the kind of special relationship that could give rise to a negligent infliction claim.

5. Count V of the counterclaim alleges that the Bank intentionally inflicted emotional distress upon MacDougall, that the Bank acted intentionally or recklessly, that the Bank's conduct was extreme and outrageous, and that as a result of the Bank's conduct MacDougall suffered severe emotional distress. The court has some doubt that MacDougall's allegations would, if proven, demonstrate that the Bank's conduct was so extreme and outrageous as to exceed all possible bounds of decency and be regarded as atrocious and intolerable in a civilized community. See Staples v. Bangor Hydro-Electric Co., 561 A.2d 499, 501 (Me. 1989). Nevertheless, this cannot be determined at the pleading stage.

6. Count VI of the counterclaim seeks punitive damages. This is not a separate cause of action but a form of relief that may be available if the Bank is held liable on MacDougall's claims of fraud and/or intentional infliction of emotional distress and if MacDougall also proves entitlement to punitive damages by clear and convincing

3

evidence. Given the survival of MacDougall's fraud and intentional infliction claims, MacDougall's claim for punitive damages cannot be resolved on the pleadings.

In sum, the court cannot determine from the face of the counterclaim that it is beyond doubt that MacDougall is not entitled to relief under any set of facts that he might prove in support of his claims for breach of contract, fraud, or intentional infliction. At this juncture it is also entirely premature to predict whether those claims would be able to survive a pretrial motion for summary judgment or a Rule 50 motion at trial.

The entry shall be:

Plaintiff's motion to dismiss defendant MacDougall's counterclaim is granted with respect to counts II and IV of MacDougall's counterclaim (unfair trade practices and negligent infliction of emotional distress) and is denied with respect to the remaining counts of the counterclaim. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August 5, 2013

Thomas D. Warren
Justice, Superior Court

4

-----------------------------------------------------------------------

01 0000001596           DANYLIK, THOMAS
     PO BOX 468 BIDDEFORD ME 04005-0468
     F      DUNCAN S MACDOUGALL                    DEF        RTND    04/29/2013


02 0000008588           CONDON, BRIAN D JR
     126 MAIN STREET PO BOX 169 WINTHROP ME 04364
     F      JOHN HARVEY                            PII        RTND    08/30/2012


03 0000009876           HARDIMAN, JEFFREY J
     1080 MAIN STREET PAWTUCKET RI 02860
     F      BANK OF AMERICA NA                     PL         RTND    07/16/2012