STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-404

STATE OF MAINE
Cum......._.......'s Office

MAR 15 2017

RECEIVED

ROBERT LAVIN,

Plaintiff

v.

ORDER

MAINE MEDICAL CENTER,

Defendant

Before the court is a motion by defendant Maine Medical Center (MMC) to dismiss plaintiff Robert Lavin's amended complaint for defamation. Lavin alleges that he was an employee of MMC and that he was falsely accused by "management" of being under the influence of alcohol at work. Amended Complaint ¶ 8.

To state a cause of action for defamation, the Plaintiff must allege:

(a) a false and defamatory statement concerning another;
(b) an unprivileged publication to a third party;
(c) fault amounting to at least to negligence on the part of the publisher; and
(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Morgan v. Kooistra*, 2008 ME 26 ¶ 26, 941 A.2d 447; Restatement (Second) Torts § 558.

"Special harm" in the context of defamation means economic or pecuniary harm. Restatement (Second) Torts § 575 comment b. A defamatory communication may be actionable without special harm if the defamatory communication would adversely affect the plaintiff in his business or profession (slander per se) or if the defamatory communication is written (libel). *See Cookson v. Brewer School District*, 2009 ME 57 ¶ 27, 974 A.2d 276; *Ballard v. Wagner*, 2005 ME 86 ¶ 10, 877 A.2d 1083.

Lavin has asserted two counts in his complaint. Count I sets forth a claim of defamation. Count II sets forth a claim for "slander/libel per se" asserting that the alleged defamation by MMC falls within the subcategories of defamation that, as noted above, do not require proof of economic or pecuniary damages.

While Lavin's amended complaint includes factual allegations that he was falsely accused of being under the influence at work, allegedly in retaliation for some complaints he made about inappropriate conduct by other employees, it provides almost no detail as to the alleged defamation itself.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle petitioner to relief pursuant to some legal theory. *In re Wage Payment Litigation,* 2000 ME 162 ¶ 3, 759 A.2d 217.

At the same time, the court is not obliged to accept conclusory allegations and legal conclusions that are bereft of any supporting factual allegations. In this case count I of the amended complaint simply recites the elements of defamation (Amended Complaint ¶¶ 18-22), stating only that the defamatory statement was communicated "through inter-company communication and self-published by plaintiff." Amended Complaint ¶ 21. Moreover, there is no direct allegation of special harm except an apparent reference to the ad damnum clause. Amended Complaint ¶ 22. This is insufficient.

Similarly, although Count II purports to be a claim for both slander per se and libel, it merely recites the elements of slander per se and nowhere alleges that the defamation was reduced to writing – a necessary element of a libel claim.

Accordingly, defendant's motion to dismiss shall be granted. In his opposition papers Lavin offers to provide additional detail if granted leave to further amend his complaint. The court agrees that the proposed additional allegations in at pages 3-4 of Lavin's opposition memorandum would – barely – suffice to provide sufficient supporting factual allegations to support Lavin's claim for slander per se and libel. Lavin should also have the opportunity to amend to allege special harm for purposes of Count I of his amended complaint.

As Lavin points out, the Law Court has allowed a claim of defamation to be based on "intra-corporate" communications. *Staples v. Bangor Hydro-Electric Co.,* 629 A.2d 601, 603-04 (Me. 1993).[1] At the same time the Law Court has also held that an employer is entitled to a conditional privilege for statements made in the course of disciplinary proceedings resulting in an employee's termination. *Cole v. Chandler,* 2000 ME 104 ¶ 6, 752 A.2d 1189. Although MMC argues that Lavin has failed to allege that MMC's conditional privilege was abused – i.e., that MMC acted with reckless disregard as to whether the accusation that Lavin was under the influence at work was true or that MMC acted entirely out of ill will toward Lavin[2] – Lavin is apparently prepared to allege that MMC acted with reckless disregard because Lavin took medicine that gave off a scent of alcohol and offered to take a test to prove that he was not under the influence. Plaintiff's Opposition at 2.

There is, however, one issue as to which MMC's motion to dismiss should be granted – Lavin's claim of compelled self-publication. Lavin relies on a 1995 federal court decision predicting that Maine would recognize the doctrine of compelled self publication but only where it was reasonably foreseeable that the plaintiff would be placed under strong compulsion to

---

[1] Although Lavin's amended complaint refers to "inter-corporate" rather than "intra-corporate" communications, it is apparent from his opposition memorandum and his reliance on *Staples* that he is relying on communications within MMC.

[2] *See Cole v. Chandler,* 2000 ME 104 ¶ 7.

repeat the defamatory statement. *Carey v. Mt. Desert Island Hospital*, 910 F.Supp. 7, 11-13 (D.Me. 1995) (Brody, J.). Since then, the Law Court has declined to reach the issue. *Cole v. Chandler*, 2000 ME 104 ¶ 5. However, since Judge Brody's decision, various other courts have weighed in on the validity of compelled-self publication, and the theory of compelled self-publication now appears to be a minority view at best. It has been described by the Seventh Circuit as a "largely discredited" doctrine, Massachusetts and Connecticut have both declined to adopt that doctrine, and the federal court in New Hampshire has predicted that New Hampshire would also not adopt such a theory. *See Olivieri v. Rodriguez*, 122 F.3d 406, 408-09 (7th Cir. 1997) (Posner, C.J.); *White v. Blue Cross and Blue Shield of Massachusetts*, 809 N.E.2d 1034, 1036-39 (Mass. 2004); *Cweklinsky v. Mobil Chemical Co.*, 837 A.2d 759, 764-67 (Conn. 2004); *Slater v. Verizon Communications*, 2005 U.S. Dist. LEXIS 3270, *26-28 (D.N.H. 2005) (McAuliffe, J.).

Although the Law Court will obviously have the final word on this issue, the court predicts that it will not recognize the doctrine of compelled self-publication.[3] That is particularly true under the circumstances of this case – where only two alleged instances of compelled self-publication are identified in Lavin's Opposition to MMC's motion to dismiss. The first of these involves alleged communications by Lavin to an MMC Vice President in appealing his termination, and the second was an alleged disclosure in seeking unemployment compensation. Plaintiff's Opposition at 4-5.

Neither of these alleged instances involves a situation where Lavin was helplessly required to defame himself. In both cases he was fully entitled to – and presumably did – challenge the accusations against him and give his own version of events. Even assuming the

---

[3] One of the problems with the compelled self-publication theory is that it makes the existence of a defamatory publication subject to the sole discretion of what a defamation plaintiff chooses to tell others.

4

doctrine were to be recognized in other circumstances, it makes no sense to apply the doctrine of compelled self-publication to statements made in specific circumstances designed to allow an employee to challenge his termination.

The entry shall be:

Defendant's motion to dismiss is granted but plaintiff is granted leave to replead his defamation, slander per se, and libel claims except to the extent that those claims allege self-publication. Plaintiff's claims of self-publication are dismissed without leave to replead. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 15 , 2017

Thomas D. Warren
Justice, Superior Court