**Lola RIPPETT**

v.

**Michael E. BEMIS, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 2, 1995.

Decided Feb. 16, 1996.

Kenneth R. Clegg (orally) Bourque & Clegg, Sanford, Maine, for Plaintiff.

William R. Fisher (orally), Monaghan, Leahy, Hochadel & Libby, Portland, Maine, for Defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Lola Rippett appeals from the summary judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of York County officials on her claims of defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and violation of due process. Rippett argues on appeal that the trial court erred in holding that no genuine issues of material fact existed and in determining that the York County officials were entitled to a judgment as a matter of law on all eight counts of her complaint. We vacate the judgment entered on Count I (defamation against Michael McAlevey), Count IV (defamation against Michael Bemis) and Count VI (for punitive damages against McAlevey) and affirm the judgment entered on the remaining counts.

From proffered documents, affidavits, and deposition testimony a factfinder could find the following. In 1986 Lola Rippett's late husband, a repeat offender, was convicted of a drive-by shooting at a residence. In 1988, having completed his sentence, Thomas Rippett sought to have returned to him certain belongings that had been seized as evidence, including a Remington .22 caliber rifle. The Superior Court (York County, *Brodrick, J.*) issued an order authorizing the York County Sheriff's Department to return Thomas Rippett's property except for the rifle. When Thomas Rippett presented the court order at the York County Sheriff's Department, Deputy Sheriff Peter Mador gave him all his belongings, including the rifle, and signed the back of the court order as a receipt, listing the rifle among the property returned to Thomas Rippett.

Thomas Rippett, as a convicted felon, could not legally possess a firearm. 15 M.R.S.A. § 393 (1980 & Supp.1995). In 1991 Thomas Rippett published announcements to local news media that the Sheriff's Department had returned a gun illegally to a convicted felon. Thomas Rippett also gave a special agent at the U.S. Attorney's office a copy of the receipt showing the Sheriff's Department

had returned his rifle to him, and the U.S. Attorney's office faxed it to the York County Sheriff's Department.

Concerned about increasingly negative publicity, York County Sheriff Michael Bemis designated Detective Michael McAlevey to conduct an internal investigation of Thomas Rippett's allegation. McAlevey conducted a cursory investigation interviewing none of the parties involved. He did, however, obtain a written statement from a patrol partner of Deputy Mador asserting it was he, the patrol partner, not Mador, who had returned the gun and that the gun had been returned to Lola Rippett, not Thomas Rippett. McAlevey filed his report with the Sheriff and with the District Attorney. On receiving McAlevey's written report, Sheriff Bemis insisted, in violation of the York County Sheriff Department's written policy against speaking publicly on the results of internal investigations, that McAlevey participate in an immediate interview with a television news reporter. McAlevey reluctantly appeared on television and declared his official investigation had determined Thomas Rippett's charges to be unfounded. McAlevey further declared that the rifle in question had been returned to Lola Rippett, not Thomas Rippett.

Some weeks later, having learned that a review of his department's investigation was underway in the office of the Attorney General, Sheriff Bemis instructed McAlevey to reopen the Rippett investigation. McAlevey did so and filed a supplemental report declaring himself unable to reconcile apparent discrepancies. The Attorney General's investigation ultimately resulted in a report concluding that Deputy Mador indeed had returned the gun to Thomas Rippett in error and that McAlevey's findings were "seriously flawed." Sheriff Bemis temporarily suspend-ed McAlevey and demoted him to patrolman. Deputy Mador by this time no longer worked for York County.

Lola Rippett filed a complaint against the Sheriff, Detective McAlevey, and the York County Commissioners alleging eight counts of civil rights and tort violations in their conduct toward her. Pursuant to M.R.Civ.P. 56(c),[1] the court entered a summary judgment in favor of the defendants on all eight counts. Lola Rippett appealed from the summary judgment entered on all counts except Count V.[2]

■ We have stated that

[w]hen reviewing a grant of [a] summary judgment, we view the evidence in the light most favorable to the party against whom the judgment has been granted, and review the trial court's decision for error of law.

*Keyes Fibre Co. v. Lamarre,* 617 A.2d 213, 214 (Me.1992) (citations omitted). To avoid a judgment as a matter of law for the defendants on a given claim, Lola Rippett must establish a *prima facie* case for each element of that claim. *Fleming v. Gardner,* 658 A.2d 1074, 1076 (Me.1995). When Rippett can present *prima facie* evidence that establishes a genuine issue of material fact, a summary judgment is in error. On those claims for which Rippett is unable to establish a genuine issue of material fact as to an element, we review *de novo* the court's decisions of law based on the established facts. *Bliss v. Bliss,* 583 A.2d 208, 210 (Me.1990).

## I

Rippett first challenges the summary judgment entered in favor of Detective McAlevey on her Count I claim against him for defamation.

---

1. M.R.Civ.P. 56(c) provides:

 **Proceedings on Motion.** Any party opposing a motion may serve opposing affidavits as provided in Rule 7(c). Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 7(d) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. Summary judgment, when appropriate, may be rendered against the moving party.

2. Count V alleged a conspiracy between Detective McAlevey and Sheriff Bemis.

### The Elements of Defamation

We have recognized the elements of defamation identified in the Restatement (Second) of Torts § 558 (1977):

1) a false and defamatory statement concerning another;

2) an unprivileged publication to a third party;

3) fault amounting at least to negligence on the part of the publisher;

4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Lester v. Powers*, 596 A.2d 65, 69 (Me.1991).

 The investigative report of the office of the Attorney General presents *prima facie* evidence that Detective McAlevey's public statement asserting the rifle had been given to Lola Rippett was both false and made on the basis of an investigation so flawed as to constitute at least negligence. Whether McAlevey's false statement is capable of conveying a defamatory message is a question of law. *Bakal v. Weare*, 583 A.2d 1028, 1030 (Me.1990). A statement is defamatory "if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* at 1029. A statement may be actionable if it implies the existence of undisclosed defamatory facts. *Staples v. Bangor Hydro–Electric Co.*, 629 A.2d 601, 603 (Me.1993). In the context of Thomas Rippett's allegations, McAlevey's statement reasonably can be understood to imply that Lola Rippett did receive the rifle and conveyed it illegally to her felon husband. Words that falsely charge a punishable offense, such as acting as a criminal accomplice, constitute slander *per se*. *Picard v. Brennan*, 307 A.2d 833, 834 (Me. 1973). The evidence presented is sufficient to sustain a finding that McAlevey's statement was slander *per se*. Lola Rippett need show no special damages because Detective McAlevey published his false statements in writing to the Sheriff and the District Attorney and in the television interview. Recovery for slander *per se* requires no showing of special harm beyond the publication itself. *Saunders v. VanPelt*, 497 A.2d 1121, 1126 (Me.1985). The evidence is sufficient to sustain findings that McAlevey's statements concerning Lola Rippett were false, publicized, defamatory, actionable without a special showing of harm, and at least negligently made.

### Truth as a Defense

 If Lola Rippett were in fact an accomplice to her husband's illegal possession of the rifle, that truth will serve Detective McAlevey as a defense against her charge that the implication of his statements defamed her. Her status as an accomplice, however, is a genuine issue of fact. The evidence here, viewed in the light most favorable to Lola Rippett, is sufficient to sustain a finding that she lacked the requisite intent of an accomplice[3] to promote or facilitate her husband's continued possession of a firearm. Criminal intent is a question of fact for the factfinder. *See State v. Dana*, 517 A.2d 719, 720–21 (Me.1986). The evidence in this case, viewed in the light most favorable to Lola Rippett, is sufficient to sustain a finding that she lived with a felon with a history of physical violence toward her and that once she learned he had the rifle in his possession she facilitated not its possession but the termination of that possession. Failure to remove a weapon from a known felon does not make one an accomplice to the felon's possession of the weapon. The trial court erred in determining there was no genuine issue of material fact as to whether the implied characterization of Lola Rippett as a criminal accomplice is true.

### A Conditional Privilege

 Defendant McAlevey argues that he enjoys a conditional privilege protecting

---

**3.** 17–A M.R.S.A. § 57(3) (1983) provides in pertinent part:

A person is an accomplice of another person in the commission of a crime if:

A. With the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of which was a reasonably foreseeable consequence of his conduct; ....

him from liability for defamation. A conditional privilege may arise in any situation in which an important interest of the recipient of a defamatory statement will be advanced by frank communication. *Lester v. Powers*, 596 A.2d at 70. We have recognized the conditional privileges set out in sections 593–598A of the Restatement (Second) of Torts. *Saunders v. VanPelt*, 497 A.2d at 1125. Whether a conditional privilege arises in a given circumstance is a question of law. *Id.*

An occasion makes a publication conditionally privileged if an inferior administrative officer of a state or any of its subdivisions who is not entitled to an absolute privilege makes a defamatory communication *required or permitted* in the performance of his official duties.

The Restatement (Second) of Torts § 598A (1977) (emphasis added). Whether Detective McAlevey's statement was required or permitted in the performance of his official duties is a question of fact. *See Saunders v. VanPelt*, 497 A.2d at 1125.

The evidence presented, that the York County Sheriff's Department policy prohibited public statements concerning departmental investigations, is sufficient to sustain a finding that Detective McAlevey's statement was neither required nor permitted in the performance of his official duties. At the very least, a genuine issue of material fact exists as to whether Detective McAlevey enjoys a conditional privilege for his statement.

### Abuse of A Conditional Privilege

■ Even a conditionally privileged defendant is liable for defamation if he knows his statement to be false, recklessly disregards its truth or falsity, or acts with spite or ill will. *Lester v. Powers*, 596 A.2d at 69, 69 n. 7. Whether a defendant so abused a conditional privilege is a question of fact. *Saunders v. VanPelt*, 497 A.2d at 1125. Evidence is sufficient to support a finding of reckless disregard for the truth if it establishes that the maker of a statement had "a high degree of awareness of probable falsity or serious doubt as to the truth of the statement." *Onat v. Penobscot Bay Medical Center*, 574 A.2d 872, 874 (Me.1990). The evidence on the record is sufficient to sustain a

finding that Detective McAlevey knew of obvious gun log discrepancies, had been faxed the receipt showing Deputy Mador gave the gun to Thomas Rippett, failed to interview any of the central parties, and could not explain the loss of critical documents. The evidence is sufficient to sustain a finding that he either knew the statements he made about Lola Rippett were not true or had a high degree of serious doubt as to their truth. Therefore even if he had a conditional privilege, the question of McAlevey's abuse of that privilege remains a genuine issue of material fact.

The evidence, viewed in the light most favorable to Lola Rippett, is sufficient to establish the elements of her claim of defamation, sufficient to counter the implication that she was an accomplice to her husband's illegal possession of a firearm, and sufficient to establish that Detective McAlevey either lacked or abused any conditional privilege he may have enjoyed and is therefore not shielded by it from liability. Each of these issues remains a genuine issue of material fact. The trial court erred in entering a summary judgment for Defendant McAlevey on Lola Rippett's Count I claim against him for defamation.

### II

■ Lola Rippett challenges the summary judgment entered in favor of Defendant McAlevey on her Count II claim against him for intentional infliction of emotional distress and on her Count III claim against him for negligent infliction of emotional distress. Both counts are based on McAlevey's publication of false and defamatory statements concerning Rippett. As we have previously stated, these statements constitute slander *per se* as a matter of law. If the statements alleged to be defamatory are privileged, there can be no recovery for the emotional distress allegedly sustained by Rippett for such recovery would undermine the privilege. *See Hutchinson v. Proxmire*, 579 F.2d 1027, 1036 (7th Cir.1978), rev'd on other grounds, 443 U.S. 111, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979). If the statements alleged to be defamatory are not privileged, any damages sustained by Rippett are subsumed by any

award for defamation. If defamation is proved, compensatory damages may include the elements of mental suffering, humiliation, embarrassment, effect on reputation and loss of social standing so far as they have been proved and may reasonably be presumed. *Saunders v. VanPelt*, 497 A.2d at 1126. The court did not err in entering a summary judgment in favor of Detective McAlevey on Rippett's Count II claim for intentional infliction of emotional distress and her Count III claim for negligent infliction of emotional distress.

### III

Lola Rippett challenges the summary judgment entered for Sheriff Michael Bemis[4] on her Count IV claim against him for vicarious liability under a theory of *respondeat superior* for the torts of defamation and intentional and negligent infliction of emotional distress committed by Detective McAlevey. Mrs. Rippett brought suit against the sheriff both in his individual capacity and as a constitutional officer (Me. Const. art IX, § 10) constituting a separate administrative entity subject to execution of judgment for damages as provided by 30–A M.R.S.A. §§ 431–432 (Pamph.1995). Because we have held the court did not err in granting a summary judgment to Defendant McAlevey on the counts against him for intentional and negligent infliction of emotional distress, any *respondeat superior* claim against Sheriff Bemis will turn on McAlevey's liability for defamation.

### Maine Tort Claims Act Immunity Waived

■ Pursuant to the Maine Tort Claims Act, an employee of government performing a "discretionary" function is personally immune from civil liability, whether or not that discretion is abused. 14 M.R.S.A. § 8111(1)(C) (Supp.1995). Qualification as a discretionary function

> requires that the contested actions must be essential to the realization or accomplishment of a basic governmental policy, program, or objective.

*Miller v. Szelenyi*, 546 A.2d 1013, 1021 (Me. 1988).

■ Detective McAlevey's investigation was a discretionary official act. His public statements concerning the results of that investigation, however, were not essential to accomplish any basic governmental policy, program, or objective and in fact violated a written policy of the York County Sheriff's Department. His statements were not a discretionary function of his governmental employment, and the Maine Tort Claims Act thus does not shield Detective McAlevey from liability for publishing defamatory statements concerning Lola Rippett.

■ Because McAlevey is exposed to liability for defamation committed during the course of his work for the York County Sheriff's Department, Sheriff Bemis potentially is liable vicariously as McAlevey's "master" under the doctrine of *respondeat superior*.[5] The Maine Tort Claims Act in general provides immunity from liability for government officials acting in their discretionary function of properly supervising employees who are performing discretionary functions. *See Miller v. Szelenyi*, 546 A.2d at 1021–22. A government official, however, waives such Maine Tort Claims Act immunity to the extent he enjoys the protection of liability insurance for his discretionary functions. 14

---

4. Rippett in her original complaint sued not only Detective McAlevey and Sheriff Bemis but the York County commissioners as well. On appeal, Rippett stated:

> Since the evidence developed in discovery shows that McAlevey acted at the direction of Bemis, the York County Sheriff, and that the Sheriff constituted a separate and distinct constitutional official, Mrs. Rippett agrees that Defendants Deborah A. Plamondon, Joann O. Lancaster and Frank P. Wood are not liable in their representative capacities and that they may be dismissed from the suit.

5. A master is a principal who employs an agent to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service. Restatement (Second) of Agency § 2(1) (1958). "Ownership of property and agency relationships are examples of instances where one person may be properly held liable for the acts of another." *Portland Pipe Line Corp. v. Envtl. Improvement Comm'n*, 307 A.2d 1, 17 (Me.1973) (citing *Young v. Masci*, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158 (1933) (car owner liable for acts of one to whom he entrusted the car)).

M.R.S.A. § 8116 (Supp.1995). The York County Sheriff's Department carried comprehensive law enforcement liability insurance during the time the Sheriff supervised Detective McAlevey's investigation and when McAlevey made the statements concerning Lola Rippett. Sheriff Bemis thus waives his immunity from vicarious liability for his supervisory functions to the extent of the policy's coverage.[6] To the extent of that insurance the Maine Tort Claims Act does not shield the Sheriff from vicarious liability under the doctrine of *respondeat superior* for a tortious act committed by Detective McAlevey within the scope of his employment under the Sheriff's supervision.

Because Detective McAlevey remains potentially liable for defamation and because Sheriff Bemis's immunity has been partially waived, the summary judgment entered on Count IV in favor of Sheriff Bemis constitutes error.

## IV

Lola Rippett challenges the summary judgment entered in favor of Detective McAlevey on her Count VI claim against him seeking punitive damages. The court entered a summary judgment for McAlevey on the ground that judgment had been entered for him on all of Rippett's tort claims, making a claim for punitive damages moot. Because we have held that the court erred in entering a summary judgment in favor of McAlevey on Rippett's claim against him for defamation, the summary judgment entered by the court in favor of McAlevey on Lola Rippett's claim for punitive damages is error unless some independent ground exists, apart from lack of liability for defamation, excusing him from punitive damages.

6. The sheriff retains immunity from punitive damages arising as a result of a discretionary supervisory function because the York County Sheriff's Department liability insurance coverage specifically excludes coverage for punitive damages.

7. 42 U.S.C. § 1983 (1994) provides in pertinent part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of

■ The Maine Tort Claims Act provides that no judgment against a "government entity" may include punitive damages. 14 M.R.S.A. § 8105(5) (1980). "Government entity," however, is defined to mean "the State and political subdivisions." 14 M.R.S.A. § 8102(2)–(4) (1980). The Maine Tort Claims Act provides no general protection from punitive damages for an employee held personally liable.

■ Defendant McAlevey, therefore, is liable for punitive damages if in making a defamatory statement concerning Lola Rippett he acted with express or implied "malice." *Saunders v. VanPelt*, 497 A.2d at 1127; *Lester v. Powers*, 596 A.2d at 69, 69 n. 7. Language imputing criminal conduct is actionable *per se;* malice in law is implied and no evidence of "malice in fact" is necessary. *Saunders v. VanPelt*, 497 A.2d at 1126. Thus, to the extent it is found that McAlevey defamed Rippett by his remarks, the summary judgment entered in favor of McAlevey on Rippett's Count VI complaint for punitive damages constitutes error.

## V

■ Lola Rippett challenges the summary judgment entered in favor of Detective McAlevey and Sheriff Bemis on her Count VII "section 1983"[7] claim against them for violating her substantive due process rights while acting under color of law. Government officials performing discretionary functions generally are shielded from liability for civil damages pursuant to section 1983, but only insofar as their conduct does not violate statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See also*

any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Creamer v. Sceviour,* 652 A.2d 110, 112–113 (Me.1995).

> Stated affirmatively, a public official is entitled to qualified immunity if he can establish either that 1) he did not violate the plaintiff's constitutional rights; or 2) given the state of the law a reasonable official would not have understood that he was doing so.

*Lyons v. City of Lewiston,* 666 A.2d 95, 99 (Me.1995). Violation of Lola Rippett's constitutional rights and whether such violation reasonably should have been understood at the time are questions of law. *Harlow v. Fitzgerald,* 457 U.S. at 818, 102 S.Ct. at 2738.

### Lola Rippett's Substantive Due Process Rights

■ The United States Supreme Court explicitly has addressed analysis of a section 1983 claim brought for alleged violation of Fourteenth Amendment due process rights [8] as a result of defamation by a government official.

> The words "liberty" and "property" as used in the Fourteenth Amendment do not in terms single out reputation as a candidate for special protection over and above other interests that may be protected by state law. While we have in a number of our prior cases pointed out the frequently drastic effect of the "stigma" which may result from defamation by the government in a variety of contexts, this line of cases does not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either "liberty" or "property" by itself sufficient to invoke the procedural protection of the Due Process Clause.... While not uniform in their treatment of the subject, we think that the weight of our decisions establishes no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.

*Paul v. Davis,* 424 U.S. 693, 701–702, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976). We have interpreted the decision in *Paul v. Davis* as requiring a showing of harm beyond harm to reputation in order to recover on a section 1983 claim alleging violation of due process as a result of defamation by a government official.

> The plaintiff's complaint essentially alleges that [the defendants], acting under the color of state law, communicated slanderous statements that damaged the plaintiff's professional reputation and employment relationship, and deprived him of liberty and due process of law. In *Paul v. Davis,* the United States Supreme Court indicated that two elements must be shown in cases such as the one at bar to establish a liberty or property interest sufficient to invoke the procedural protection of the due process clause: (1) damage to reputation, and (2) damage to some more tangible interest such as employment.

*Mueller v. Penobscot Valley Hosp.,* 538 A.2d 294, 299–300 (Me.1988) (citations omitted). Lola Rippett offers no evidence that Detective McAlevey's statement caused damage to any more tangible interest of hers than her reputation. The court did not err in entering a summary judgment in favor of the defendants on Lola Rippett's Count VII section 1983 claim. Because we affirm the summary judgment entered in favor of McAlevey on Rippett's section 1983 claim, the summary judgment entered for McAlevey on Rippett's Count VIII claim for punitive damages for that alleged violation is not error.

The entry is:

Judgments for Detective McAlevey on Count I for defamation and on Count VI for punitive damages for defamation and for Sheriff Bemis on Count IV for vicarious liability for defamation under the doctrine of *respondeat superior* vacated. Judgments entered on the remaining counts affirmed. Remanded to the Superior Court for further

---

8. The Fourteenth Amendment of the United States Constitution provides in pertinent part: No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; .... U.S. Const. amend. XIV, § 1.

proceedings consistent with the opinion herein.

All concurring.