STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-97-284

MARK BROWN and
LISA BROWN,

Plaintiffs

v.

**DECISION AND ORDER**

JEFFREY LOVITZ, M.D.,

Defendant

This matter is before the court on the defendant's Motion for Partial Summary Judgment. For the reasons stated herein, the motion is to be denied.

The defendant's motion first asks the court to grant him summary judgment on the plaintiffs' claim of negligent infliction of emotional distress (NIED). The plaintiffs have responded both in their memorandum in opposition and at oral argument that they have neither pled or claimed the tort of NIED. This assertion is supported by the text of the complaint which articulates no cause of action for NIED. Instead, the plaintiffs say that their complaint is one of medical malpractice which, if proven, may generate a jury awarding them compensatory damages for mental suffering, anguish, and the like. Such damages are subsumed by any award for the negligence alleged as an element of the principal tort. *Rippett v. Bemis*, 672 A.2d 82, 87-88 (Me. 1996). Thus, because the plaintiffs have made no claim for NIED, the defendant may not have summary judgment on such a cause of action.

The defendant also requests summary judgment on plaintiff Mark Brown's loss of consortium claim expressed in count II of the complaint. The defendant points to facts in the record which shows that the alleged tortious event has brought the

plaintiffs, a married couple, closer together and has not adversely affected Lisa Brown's ability, in her opinion, to care for, love, and be a mother for her children. Mark Brown counters this evidence with an affidavit which simply asserts that he has lost the "care, comfort, companionship, society, services or affection" of his wife for the six-week period after she delivered the stillborn child -- an event for which the plaintiffs wish to hold the defendant accountable.

The defendant cites no authority, and the court can find none, which holds that such a brief and conclusory declaration of loss is insufficient to create a genuine issue as to a material fact. M.R. Civ. P. 56(c). Indeed, the facts cited by the defendant, while more specific, do not rebut or negate the plaintiffs' claim. The fact that the plaintiffs' marriage has improved or that Lisa Brown's parenting has not been adversely affected does not mean that Mark Brown did not lose the care, comfort and companionship of his wife for the six weeks he has claimed. So, while Mark Brown's affidavit may be "thin," it is nevertheless sufficient to create a legitimate dispute as to a material fact, his loss of consortium, so that the defendant is not entitled to summary judgment on this claim as a matter of law. M.R. Civ. P. 56(c).

The entry will be:

For the reasons stated herein, the defendant's Motion for Partial Summary Judgment is DENIED.

Dated: September 6, 2001

John R. Atwood
Justice, Superior Court

2

Date Filed __4/24/00__ __Kennebec__ Docket No. __CV97-284__

County

Action __Medical Malpractice__

# J. ATWOOD

__Mark & Lisa Brown__ vs. __Jeffrey Lovitz, M.D.__

Plaintiff's Attorney | Defendant's Attorney

C. Donald Briggs, III, Esq.
247 Commercial Street
Rockport, Maine 04856-5964

-Daniel Rapaport, Esq. (4/28/00)
 PO Box 9546
 Portland, Maine 04112-9546
-Steven Mogul, Esq. (Childs)
 PO BOx 917
 Bangor, Maine  04401

| Date of Entry | |
|---|---|
| 4/24/00 | Complaint, filed. s/Briggs, III, Esq. Case File Notice mailed to atty. |
| 4/28/00 | Defendant's Answer and Affirmative Defenses, filed  s/Rapaport, Esq. |
| 4/28/00 | SCHEDULING ORDER, Atwood,J. "Scheduling Order filed.  Discovery deadline is December 28, 2000." Copies mailed to attys of record. |
| 7/3/00 | Entry of Appearance by Steven Mogul, Esq. for Susan Childs, M.D., filed. |
| 8/2/00 | Notification of Discovery Service, filed. s/Rapaport, Esq. Defendant Jeffrey Lovitz, M.D.'s Notice to Take Deposition of Oral Depositi< served on C. Donald Briggs, Esq. on 8/1/00. |
| 9/8/00 | Notification of Discovery Service, filed. s/Rapaport, Esq. Defendant Jeffrey Lovitz, M.D.'s Amended Notice to Take Oral Deposition served on C. Donald Briggs, III,Esq. on 9/5/00 |
| 11/30/00 | ORDER ON MOTION TO EXTEND DISCOVERY, Atwood, J. The discovery deadline is March 31, 2001. Copies mailed to attys of record. |
| 4/6/01 | Joint Motion to Extend Discovery Deadline, filed. s/Rapaport, Esq. Proposed Order, filed. |
| | Notification of Discovery Service, filed. s/Rapaport, Esq. Defendant JEffrey Lovitz, M.D.'s Amdned Notices to Take Oral Depositions served on C. Donald Briggs, III, Esq. on 4/3/01. |
| 4/12/01 | ORDER ON MOTION TO EXTEND DISCOVERY, Atwood, J. Discovery deadline is extended to April 30, 2001. Copies mailed to attys of record. |