STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 02-594

MAIETTA CONSTRUCTION, INC. et al.,

Plaintiffs

v.

THEODORE WAINWRIGHT &
DAVID LOURIE,

Defendants

DONALD L. GARBRECHT
LAW LIBRARY

AUG 13 2003

ORDER

Before this court are Defendant Wainwright's and Defendant Lourie's special motions to dismiss pursuant to Title 14 M.R.S.A. §556 (2003).

## FACTS

For fifty years Defendant Wainwright owned a 400-acre potato and turf farm partially located in South Portland, Maine. In January 1999, Defendant Wainwright sold 150 acres of his farm to the City of South Portland for $990,000.00 to be used for recreational purposes and also subject to the condition, with two limited exceptions, that soil or loam could not be removed from the property. In April 2000, Plaintiff Louis Maietta Sr. donated to the City of South Portland a strip of land allowing access to the landlocked 150 acres sold by Defendant Wainwright.

In September 2001, the City of South Portland took bids to develop the 150 acres into a recreation field complex. The City of South Portland awarded the contract to Plaintiff Maietta Construction, Inc., which submitted the lowest of six bids. The contract between the City of South Portland and Plaintiff Maietta Construction, Inc. stated, among other things, that the latter should not remove surface topsoil from the property. In addition, Plaintiff Maietta Construction, Inc. agreed to donate all labor and equipment to build an access road on the donated strip of land with the City of South Portland paying a fixed amount of $114,944.00 to cover the cost of building materials.

In the spring of 2002, Defendant Wainwright believed that an excessive amount of loam had been removed from the 150 acres. Defendant Wainwright apparently also saw employees of Plaintiff Maietta Construction, Inc. removing loam from the 150 acres for use on the access road. The Plaintiffs dispute Defendant Wainwright's version of events. As a result, Defendant Wainwright met with representatives of the City of South Portland and Plaintiff Maietta Construction, Inc., reporting his concerns about compliance with the restrictions in the deed for the 150 acres. Unsatisfied with the explanations he received at the meeting, Defendant Wainwright hired an attorney, Defendant Lourie, to encourage the City of South Portland to investigate his continuing concerns.

In 2002, Defendant Lourie wrote a series of letters to the Mayor and members of the South Portland City Council, and the City of South Portland Corporation Counsel about the removal of loam by Plaintiff Maietta Construction, Inc. The South Portland City Council declined to commission a survey to determine if loam had improperly been removed. Defendant Lourie also discussed his client's concerns with various newspaper reporters. In

November 2001, the Plaintiffs filed suit against the Defendants for the following claims: defamation, intentional infliction of emotional distress, false light, interference with an advantageous relationship, and punitive damages. Among other allegations the Plaintiffs stated that "defendant Wainwright embarked individually, and by and through his agents, including his attorney David Lourie, on a campaign publicly accusing the plaintiffs of stealing loam, and falsely charging the City of South Portland for loam used in construction of the Recreation Complex in excess of $100,000.00." (Compl. ¶ 22.)

## DISCUSSION

Title 14 M.R.S.A. § 556 (2003) is an anti-SLAPP (Strategic Lawsuit Against Public Participation) statute that provides a procedural shield, in the form of a special motion to dismiss, to a party being sued for speaking out on matters of public concern. In other words, this statute is "designed to protect certain defendants from meritless litigation" that effectively chills the constitutional right to petition. Morse Bros., Inc. v. Webster, 2001 ME 70, ¶15, 772 A.2d 842, 848; US. Const. amend. I; Me. Const. art. I, § 15. Parties that bring SLAPP suits place less emphasis on winning in court and more emphasis on delaying, distracting, or punishing their opponents, oftentimes seeking to run up their opponents' litigation costs. Morse Bros., Inc., 2001 ME 70, ¶10, 772 A.2d at 846.

Unlike a motion for summary judgment in which a court views the evidence in the light most favorable to the non-moving party, in an anti-SLAPP motion the court views the evidence in a light most favorable to the moving party. Mahar v. Stonewood Transp., 2003 ME 63, ¶8, 823 A.2d 540, ___ (discussing how to review a summary judgment motion); Morse Bros., Inc., 2001 ME 70, ¶18, 772 A.2d 842, 849 (discussing how to review an anti-SLAPP motion).

Furthermore, the court only looks to the pleading and supporting and opposing affidavits to determine whether to grant an anti-SLAPP motion.[1] With one exception, the parties do not conduct discovery.[2]

In the present case, the initial burden was on the Defendants merely to "assert" that the Plaintiffs filed civil claims against them based on their constitutional right to petition.[3] A review of the affidavits shows that the Defendants were petitioning the City of South Portland to investigate whether the Plaintiffs had improperly removed loam from the 150 acres or improperly charged the City of South Portland for using this loam. Hence, the Defendants have satisfied their burden.

The burden then shifted to the Plaintiffs to prove that the Defendants did not have any reasonable factual support or basis in law to bring their concerns to

---

[1] The pertinent section of the anti-SLAPP statute states:

> In making its determination, the court shall consider the pleading and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

14 M.R.S.A. § 556 (2003).

[2] The pertinent section of the anti-SLAPP statute states:

> All discovery proceedings are stayed upon the filing of the special motion under this section, except that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted. The stay of discovery remains in effect until notice of entry of the order ruling on the special motion.

14 M.R.S.A. § 556 (2003).

[3] More specifically, the anti-SLAPP statute states in relevant part:

> When a moving party *asserts* that the civil claims, counterclaims or cross claims against the moving party are based on the moving party's exercise of the moving party's right of petition under the Constitution of the United States or the Constitution of Maine, the moving party may bring a special motion to dismiss.

14 M.R.S.A. § 556 (2003) (emphasis added).

the City of South Portland and to the press and that the Defendants' actions caused actual harm to the Plaintiffs.[4]

According to Defendant Wainwright's affidavit, he claims to have seen loam removed from the property that he sold to the City of South Portland, which had a restriction on the removal of loam. Essentially, the Plaintiffs would have to show that Defendant Wainwright's observation was wrong. In fact, the affidavit of Plaintiff Vincent A. Maietta states that a pile of loam from the 150-acre site had been placed on private property to keep children from playing on the pile. For purposes of this motion there is enough evidence to conclude that there was arguably a legitimate basis for Defendant Wainwright to bring his concerns to the attention of the City of South Portland and to the press. As a result, Defendant Lourie had a valid reason to help his client express his concerns to a government body as well as to the press. Furthermore, the Plaintiffs have failed to show that the Defendants caused them "actual injury" as required by Title 14 M.R.S.A. § 556 (2003), which suggests actual economic loss, a much higher bar than the nominal type of injury caused by *per se* defamatory statements. Rippett v. Bemis, 672 A.2d 82, 86 (Me. 1996) ("Recovery for slander *per se* requires no showing of special harm beyond the publication itself.").

The Plaintiffs argue that the Defendants should not have gone to the press after the City of South Portland decided not to further investigate Defendant

---

[4] The pertinent language in the anti-SLAPP statute states:

> The court shall grant the special motion, unless the party against whom the special motion is made shows that the moving party's exercise of its right of petition was *devoid* of *any* reasonable factual support or any *arguable* basis in law and that the moving party's acts caused actual injury to the responding party.

14 M.R.S.A. § 556 (2003) (emphasis added).

Wainwright's suspicions. However, the City of South Portland had given permission to Defendant Wainwright to conduct his own survey to determine if loam had improperly been removed from the 150 acres. In other words, there is still an ongoing controversy that the City of South Portland might have to act upon. Furthermore, Maine's anti-SLAPP statute defines the right to petition very broadly.[5] Hence, the Defendants' right to petition would include making statements to the press, which would encourage the City of South Portland to investigate whether Plaintiff Maietta Construction, Inc.'s actions were improper. After all, by making a matter of public interest known to the press, the press can educate the public about the matter, which may in turn bring pressure on the government to act appropriately.

Without citing any authority, the Plaintiffs contend that Maine's anti-SLAPP statute violates due process by depriving them of the right to trial by jury. The Law Court has dismissed a suit under the anti-SLAPP statute thereby implicitly recognizing the right of the Legislature to pass such a statute. See Morse Bros., Inc., 2001 ME 70, ¶15, 772 A.2d at 848. Hence, there is no obvious due process violation.

---

[5] The anti-SLAPP statute states in relevant part:

> As used in this section, "a party's exercise of its right of petition" means any written or oral statement made before or submitted to a legislative, executive or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive or judicial body, or any other governmental proceeding; *any statement reasonably likely to encourage consideration or review of an issue by a legislative, executive or judicial body, or any other governmental proceeding;* any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition government.

14 M.R.S.A. § 556 (2003) (emphasis added).

The court must apply the anti-SLAPP statute as functionally defined in Morse Bros., Inc. because the Defendants made a sufficient showing that they were exercising their constitutional right of petition. This is so whether or not the Plaintiffs were actually attempting to delay, distract, or punish Defendant Wainwright.

The anti-SLAPP statute, as drafted, and as applied by the Law Court in Morse Bros., Inc., though conceived as a shield, is open to abuse: a defendant, by merely "asserting" the broadly defined right to petition can use the anti-SLAPP statute as a sword to preempt legitimate complaints. The anti-SLAPP statute stays discovery yet places virtually an impossible burden on the Plaintiffs to show that the Defendants' petitioning lacked "any arguable basis in law," or lacked "any reasonable factual support," the facts being viewed most favorably to the Defendants. 14 M.R.S.A. § 556 (2003); Morse Bros., Inc., 2001 ME 70, ¶18, 772 A.2d 842, 849. Further, the Plaintiffs must show that the Defendant's acts caused the Plaintiffs' "actual injury." 14 M.R.S.A. § 556 (2003). It is not difficult to imagine that the cumulation of these obstacles to the Plaintiffs could become insurmountable, irrespective of the merit of their underlying claims.

Nevertheless, in the present case, after viewing the abovementioned evidence in the light most favorable to the Defendants, this court finds that the Defendants have satisfied the relaxed burden for dismissal.

The awarding of costs and reasonable attorney's fees requires additional analysis.[6] One of the ways in which the Plaintiffs' case resembles a "typical"

---

[6] The relevant part of the anti-SLAPP statute states:

> If the court grants a special motion to dismiss, the court *may* award the moving party costs and reasonable attorney's fees, including those incurred for the

SLAPP suit is that the Plaintiffs sued Defendant Lourie in his capacity as the attorney/agent of Defendant Wainwright. In this respect, it appears that the Plaintiffs were attempting to intimidate or silence an attorney who was representing a client with potentially legitimate concerns involving property he sold with conditions to the City of South Portland. Therefore, awarding costs and reasonable attorney's fees to Defendant Lourie is appropriate.

On the other hand, Defendant Wainwright has not demonstrated that the Plaintiffs never intended to win their case, or were actually attempting to punish him for speaking out on a public matter, or were forcing him to incur excessive legal fees. Arguably there was some merit to the Plaintiffs' claims against Defendant Wainwright concerning, say, allegations of improper billing. Even though the anti-SLAPP statute applies in the present case, the court in the exercise of its discretion will not award costs and reasonable attorney's fees when the underlying policy rationale for the anti-SLAPP statute has not been met. Therefore such costs and fees are not awarded to Defendant Wainwright.

The entry is

Defendant Wainwright's Special Motions to Dismiss is **GRANTED**;
Defendant Lourie's Special Motion to Dismiss is **GRANTED** along with an award for his costs and reasonable attorney's fees incurred in this matter.

Dated at Portland, Maine this 29th day of July, 2003.

Robert E. Crowley
Justice, Superior Court

---

special motion and any related discovery matters. This section does not affect or preclude the right of the moving party to any remedy otherwise authorized by law.

14 M.R.S.A. § 556 (2003) (emphasis added).

MAIETTA CONSTRUCTION INC - PLAINTIFF

SUPERIOR COURT
CUMBERLAND, ss.
Docket No PORSC-CV-2002-00594

**DOCKET RECORD**

Attorney for: MAIETTA CONSTRUCTION INC
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: MAIETTA CONSTRUCTION INC
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

LOUIS MAIETTA SR - PLAINTIFF

Attorney for: LOUIS MAIETTA SR
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: LOUIS MAIETTA SR
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

ROBERT L MAIETTA - PLAINTIFF

Attorney for: ROBERT L MAIETTA
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: ROBERT L MAIETTA
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: ROBERT L MAIETTA
JEFFREY THALER
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

Attorney for: ROBERT L MAIETTA

JOHN G OSBORN
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029

MICHAEL L MAIETTA  - PLAINTIFF

Attorney for: MICHAEL L MAIETTA
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: MICHAEL L MAIETTA
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

LOUIS B MAIETTA JR  - PLAINTIFF

Attorney for: LOUIS B MAIETTA JR
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: LOUIS B MAIETTA JR
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

VINCENT A MAIETTA  - PLAINTIFF

Attorney for: VINCENT A MAIETTA
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: VINCENT A MAIETTA
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Printed on: 07/30/2003

THOMAS S MAIETTA  - PLAINTIFF

Attorney for: THOMAS S MAIETTA
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: THOMAS S MAIETTA
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

JAMES D MAIETTA  - PLAINTIFF

Attorney for: JAMES D MAIETTA
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: JAMES D MAIETTA
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

ROBERT D MAIETTA  - PLAINTIFF

Attorney for: ROBERT D MAIETTA
DANIEL LILLEY
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

Attorney for: ROBERT D MAIETTA
DAVID KREISLER
DANIEL G LILLEY LAW OFFICE
39 PORTLAND PIER
PO BOX 4803
PORTLAND ME 04112

NEIL L MAIETTA  - PLAINTIFF

VS

THEODORE WAINWRIGHT  - DEFENDANT

Attorney for: THEODORE WAINWRIGHT
PAUL DOUGLASS
PAUL S DOUGLASS PA
471 MAIN STREET
PO BOX 1346
LEWISTON ME 04243-1346


DAVID LOURIE  - DEFENDANT

Filing Document: COMPLAINT                    Minor Case Type: LIBEL/DEFAMATION
Filing Date: 11/21/2002

## Docket Events:

11/22/2002 FILING DOCUMENT - COMPLAINT FILED ON 11/21/2002

11/22/2002 Party(s):  ARTHUR SCOTT
           ATTORNEY - RETAINED ENTERED ON 11/21/2002

11/22/2002 Party(s):  ARTHUR SCOTT
           ATTORNEY - RETAINED ENTERED ON 11/21/2002

11/22/2002 Party(s):  ARTHUR SCOTT
           JURY FILING - DEMAND FOR JURY TRIAL FILED ON 11/21/2002
           WITH $300.00 FEE

11/22/2002 Party(s):  MAIETTA CONSTRUCTION INC
           ATTORNEY - RETAINED ENTERED ON 11/21/2002
           Plaintiff's Attorney: DANIEL LILLEY

           Party(s):  LOUIS MAIETTA SR
           ATTORNEY - RETAINED ENTERED ON 11/21/2002
           Plaintiff's Attorney: DANIEL LILLEY

           Party(s):  ROBERT L MAIETTA
           ATTORNEY - RETAINED ENTERED ON 11/21/2002
           Plaintiff's Attorney: DANIEL LILLEY

           Party(s):  MICHAEL L MAIETTA
           ATTORNEY - RETAINED ENTERED ON 11/21/2002
           Plaintiff's Attorney: DANIEL LILLEY

           Party(s):  LOUIS B MAIETTA JR
           ATTORNEY - RETAINED ENTERED ON 11/21/2002
           Plaintiff's Attorney: DANIEL LILLEY

           Party(s):  VINCENT A MAIETTA
           ATTORNEY - RETAINED ENTERED ON 11/21/2002
           Plaintiff's Attorney: DANIEL LILLEY

           Party(s):  THOMAS S MAIETTA
           ATTORNEY - RETAINED ENTERED ON 11/21/2002
           Plaintiff's Attorney: DANIEL LILLEY