STATE OF MAINE                    STATE OF MAINE
CUMBERLAND, ss.                   CUMBERLAND. SS
                                  CLERK'S OFFICE          SUPERIOR COURT
                                                   CIVIL ACTION
                                                   Docket No. CV-05-358
                   2001 FEB -8  A 7: 56   TED - CUM 2/7/2007

MIDDLESEX MUTUAL ASSURANCE
COMPANY,

        Plaintiff,

        v.                                    **DECISION AND JUDGMENT**

ELEANOR B. HANDLER M.D. and              DONALD L. GARBRECHT
ELEANOR B. HANDLER M.D. P.A.,            LAW LIBRARY

        Defendants.                      MAY 16 2007


Middlesex Mutual Assurance Company (Middlesex) insured the defendants under a Businessowners Liability Policy which provides coverage for "oral or written publication of material that slanders or libels a person . . . ," but excludes coverage for injury "arising out of oral or written publication of material if done by or at the direction of the insured with knowledge of its falsity."

When the defendants' business relationship to share space, services and personnel with August C. Schwenk M.D. deteriorated and dissolved, Dr. Handler sent several letters to doctors and hospital authorities in the Belfast area. In the letters she variously described Dr. Schwenk's conduct as egregious, unprofessional, unethical, actionable and illegal.

In a response to a lawsuit by Dr. Handler lawsuit, based on the dissolution of their business relationship, Dr. Schwenk asserted a counterclaim for defamation. Middlesex appeared and defended Handler on the counterclaim.

By agreement, the parties took their case to arbitration where the arbitrator found for Dr. Schwenk and awarded him $30,000 on the counterclaim. The issue here is the extent of indemnification by Middlesex.

In his modified award, the arbitrator found that Dr. Handler's statements were "defamation *per se*." In the original findings of fact and conclusions, the arbitrator found Handler's letters in question to be "clearly defamatory in nature." ¶ 37. He further found that Dr. Handler admitted "all of the statements and that they "were made with the intent to harm defendant's good name and reputation . . . they were more than statements of mere opinion." ¶ 37(4). The arbitrator also found that Dr. Schwenk was unable to quantify his loss of income from the *per se* defamatory published letters and noted that he was not required to do so. *Citing, Farrell v. Kramer*, 193 A.2d 561 (Me. 1963) and *Rippert v. Bemis*, 672 A.2d 82 (Me. 1986). He awarded $30,000 for damages "as a result of the defamatory statements." Subsequent to the filing of the decision, Middlesex paid $15,000 of the award. Middlesex asserts that although Dr. Schwenk was damaged by Handler's statements, Dr. Handler is not protected for calling Schwenk's actions "illegal" because at her deposition she agreed they were not illegal and coverage is not available for a statement made "with knowledge of its falsity."

Both parties have filed motions for summary judgment.

Notwithstanding Handler's statement of illegality as defamatory, the arbitrator did not specify that any part of the award was or was not based on particular statements. Middlesex's unilateral decision to apportion the award is without basis in law or fact.

The court finds, based on undisputed facts that Middlesex has not demonstrated any basis to support a division of the award as they have done. The burden of proving allocation of damages between covered and non-covered claims is on the insurer. *Liberty Mut. Ins. Co. v. Metropolitan Life Ins. Co.*, 260 F.3d 54 (1st Cir. 2001). The insurer may not meet this burden by engaging in speculation as to what the fact finder was

2

thinking when he returned a general verdict. *Lavender v. Grange Mut. Cas. Co.*, 1979 Ohio App. LEXIS 10921.

In Maine the Law Court has also decided that the burden to apportion or allocate damages rests on the defendant, or it this case upon Middlesex, as the party asserting that it is responsible for only a portion of the award. *See, Lovely v. Allstate Insurance Co.*, 658 A.2d 1091 (Me. 1995). Since Middlesex has not met its burden of proving allocation of damages, summary judgment is appropriate declaring that Middlesex must indemnify Dr. Handler for the full amount of the award.

The clerk will make the following entry as the Order and Judgment of the court:

A.    Plaintiff Middlesex Mutual Assurance Company's Motion for Summary Judgment is denied.

B.    Defendants/Counterclaim-Plaintiffs Eleanor B. Handler M.D. and Eleanor B. Handler M.D. P.A. Motion for Summary Judgment is granted.

C.  The clerk will enter judgment for defendants/counterclaim plaintiffs in the amount of $15,000 as the balance to be paid on the arbitration award, plus interest and costs as allowed by statute and rule.

D.  No attorneys' fees are awarded.

SO ORDERED.

DATED:      February 7, 2007

Thomas E. Delahanty II
Justice, Superior Court

3

MIDDLESEX MUTUAL ASSURANCE COMPANY - PLAINTIFF

Attorney for: MIDDLESEX MUTUAL ASSURANCE COMPANY
JOHN WHITMAN  - RETAINED 06/14/2005
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS ST, SUITE 900
PO BOX 9545
PORTLAND ME 04112-9545


vs
ELEANOR B HANDLER MD  - DEFENDANT
,
Attorney for: ELEANOR B HANDLER MD
CHARLES GILBERT III - WITHDRAWN 04/19/2006
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

Attorney for: ELEANOR B HANDLER MD
JULIE FARR  - RETAINED 04/12/2006
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

ELEANOR B HANDLER MD PA   - DEFENDANT
,
Attorney for: ELEANOR B HANDLER MD PA
CHARLES GILBERT III - WITHDRAWN 04/19/2006
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

Attorney for: ELEANOR B HANDLER MD PA
JULIE FARR  - RETAINED 04/12/2006
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2005-00358


**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 06/14/2005

## Docket Events:
06/14/2005 FILING DOCUMENT   COMPLAINT FILED ON 06/14/2005
           DECLARATORY JUDGMENT WITH ATTACHED EXHIBITS A-F (JW)

06/14/2005 Party(s):  MIDDLESEX MUTUAL ASSURANCE COMPANY
           ATTORNEY - RETAINED ENTERED ON 06/14/2005
           Plaintiff's Attorney: JOHN WHITMAN

06/17/2005 Party(s):  MIDDLESEX MUTUAL ASSURANCE COMPANY